# EXHIBIT 7

*Note: This statement from the U.S. Department of Education was published by Politico Pro on Nov. 20, 2018 in the article "Warren presses Navient on internal Education Department review"  and is reprinted below with permission from the outlet:*

First, there was no audit.  There was an internal review.  **FSA's May 18, 2017 report did not conclude that Navient was improperly steering borrowers into forbearance.** That report instead documented that FSA reviewed well over 2,000 borrower calls and that, in approximately 9% of those calls, **it was not clear** whether Navient had sufficiently discussed options with the borrower. In response to FSA's preliminary conclusions, Navient provided detailed information about each of the calls at issue. Based on FSA's review of Navient's responses and FSA's independent review of Navient's overall performance, FSA has concluded that Navient is substantially in compliance with its obligations.

**FSA Review of Navient**

**Overview:**  In January 2017, the Consumer Financial Protection Bureau (CFPB) filed suit against Navient, alleging that the company systematically failed to provide student loan borrowers with adequate services.  In the wake of this suit, FSA senior management requested an internal review of Navient's activities under their Federal student loan servicing contract to assess the company's compliance with contractual requirements.  **This review was in addition to ongoing oversight and monitoring activities, which had not indicated widespread issues with non-compliance**, and was intended to provide FSA senior leadership with additional information given the increased focus on Navient created by the lawsuit.  **As discussed in greater detail below, the review was not an audit, did not identify instances of systematic non-compliance, and did not result in findings, sanctions, or the establishment of a corrective action plan.**

Based on our own due diligence, our review of case-specific information provided by Navient, and our analysis of Navient as compared to other servicers, ED concluded that Navient was not improperly steering borrowers into forbearance, a conclusion supported by FSA's May 2017 site visit report.  Nothing in the report indicates forbearances were applied inappropriately – the observations noted focused on suggested improvements regarding how to best counsel borrowers on a small minority of calls.  In addition, a subsequent review of the borrower-level data provided by Navient in response to the site visit report confirmed that in most cases forbearances were used as intended to resolve short-term issues related to delinquency consistent with the borrower's circumstances.

FSA is committed to ensuring our contractors provide high-quality service for borrowers.  Our loan servicing  contract requirements, compensation model, and performance-based allocation of additional borrower accounts are all designed to lead servicers to identify the best outcome based on each borrower's individual circumstances.  For example, servicers receive $2.85 per month for borrowers who are current on their loans but only $1.05 per month for a borrower in forbearance.  We believe this alone provides a significant incentive for servicers to counsel borrowers appropriately regarding the use of forbearance.  In addition, our oversight and monitoring activities focus on reviewing servicer activities to ensure borrowers receive courteous, correct, and consistent guidance regarding repayment plans and other loan benefits available to help them manage their debt.

**Review:**  As part of the review, FSA conducted a site visit at Navient from March 20-24, 2017.  During this visit, FSA staff reviewed Navient's inbound and outbound call processes, listened to and evaluated recorded inbound calls, and conducted side-by-side reviews of live inbound calls.  FSA was also provided with recorded outbound calls that were reviewed after the completion of the site visit.  The review did not involve detailed assessments on individual borrower cases beyond issues raised on the specific calls under review.

***The review did not result in any findings of non-compliance with contractual requirements.*** Reviewers did document five observations and related recommendations regarding possible improvements Navient could make to their procedures, processes, and training. FSA staff reviewed 2,388 calls. Because in 220 cases, or 9.4 percent of the calls reviewed, Navient did not offer an option other than forbearance, three of these recommendations involved broadening the scope of interactions where forbearances are under consideration to ensure that borrowers are aware of other options available to most effectively manage their debt.

After being provided with the results of the review, Navient responded with extensive information about each of the cases FSA noted in their observations regarding forbearance application and borrower counseling. Navient argued that this review showed that in most cases the representatives followed established call processes and found the appropriate solution for the borrower's situation. FSA included this response without comment in the final site visit report, which was completed on May 18, 2017.

Other elements of FSA's review included an assessment of data across all Federal servicers to determine whether there were any indications of excessive forbearance use or other non-compliant behavior. ***Program data indicated that Navient's overall use of forbearance was consistent with that of other servicers, while the duration of forbearances for Navient borrowers was actually among the lowest of the Department's nine servicers.*** Navient also had among the highest take-up rates for income-driven repayment plans, as well as longer than average call durations in comparison to all servicers. Servicers pushing borrowers into forbearance without discussing other options would be expected to have shorter than average call durations rather than longer. ***Lastly, a review of the borrower-level data provided by Navient in response to FSA's site visit indicated that in most cases forbearances had been applied appropriately to resolve short-term issues related to delinquency consistent with the borrower's circumstances.***