**LEVI & KORSINSKY, LLP**
55 Broadway, 10th Floor
New York, New York 10006
Tel.:  (212) 363-7500
Fax:  (212) 363-7171
Email: ek@zlk.com

*Attorneys for Lead Plaintiff*
*and Lead Counsel for the Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re NAVIENT CORPORATION SECURITIES LITIGATION | Master File No. 17-8373 (RBK/AMD) <br><br> **PLAINTIFF'S OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** <br><br> Motion Day: August 5, 2019 |

**INTRODUCTION**

The Court should deny Defendants' Request for Judicial Notice. Rule 12(d) prohibits courts from considering materials extraneous to the pleadings at the motion to dismiss stage. While judicial notice provides an exception to this rule, it is applicable in only limited circumstances; namely those in which the facts to be noticed are noncontroversial or come directly from a source whose accuracy cannot be readily questioned. FED. R. EVID. 201. The materials that Defendants seek to judicially notice do not fall into this exception.

The first document—labeled as Exhibit 7—is an untitled bulletin or press release that, according to a "note" written by Defendants, was "published by Politico Pro on November 20, 2018." The document itself does not contain any information identifying the authors, the date on which it was written, or the source of the information contained therein. More importantly, the document contradicts verifiable facts pleaded by Plaintiff that are known to be true.

The second document—labeled as Exhibit 8—contains excerpts from a motion for partial summary judgment filed by Defendants in *Consumer Financial Protection Bureau v. Navient Corporation, et al.*, No. 3:CV-17-00101 (M.D. Pa.). The excerpts include Navient's brief in support of its motion for partial summary judgment followed by a "statement of undisputed material facts" written by Navient which contains citations to a record of evidence that is not before this Court.

Defendants use these documents to contradict Plaintiff's well-pleaded factual allegations, which is explicitly not allowed under the Federal Rules of Civil Procedure or applicable binding precedent. Defendants may not supplant the Plaintiff's allegations with their own version of the facts.

**LEGAL STANDARD**

Judicial notice is reserved for special situations. It allows courts to consider facts and materials that are not included in the pleadings or record so long as those

1

facts and materials are not subject to dispute. FED. R. EVID. 201. Related to judicial notice is the doctrine of incorporation by reference. This doctrine, like judicial notice, allows courts to consider materials referenced in the pleadings even though the materials themselves are not part of the record. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

**ARGUMENT**

Defendants have inappropriately challenged Plaintiff's alleged facts at the motion to dismiss stage by asking the Court to substantively consider Exhibits 7 and 8. These materials do not fulfill the requirements for either incorporation by reference or judicial notice. An examination of each of the documents demonstrate why neither are acceptable for consideration at the motion to dismiss stage.

**Exhibit 7 – The Untitled Bulletin**

Defendants' certify that Exhibit 7 is "a true and correct copy of a statement by the U.S. Department of Education in connection with [a Nov. 20, 2018, Politico Pro article entitled *Warren presses Navient on internal Education Department review*] that is publicly available on Navient's website." Other than Defendants' certification, there is nothing to support that this document is what they purport it to be or that its contents come from the Department of Education (and not Navient itself).

The claim that Exhibit 7 is a "statement from the U.S. Department of Education" appears to be based upon a "Note" at the top of the document. This "Note" is not part of the original bulletin and appears to have been written by Defendants when they made the document publicly available on Navient's website. The document does not come from the U.S. Department of Education's website. In fact a Google search for the purported title, "Warren presses Navient on internal Education Department review," does not even show a link to the original purported source, i.e., Politico Pro. *See* Declaration of Jonathan Gitlen dated June 13, 2019

2

filed herewith. For this reason alone, the Court should not consider Exhibit 7. *See In re Viropharma, Inc. Securities Litigation*, No. 02-1627, 2003 WL 1824914, at *1 (E.D. Pa. Apr. 7, 2003) ("a court may can [sic] consider materials that are public records and that may be judicially noticed under Federal Rule of Evidence 201. These materials, however, may only be considered for the limited purpose of showing that a particular statement was made by a particular person. They may not be considered for the truth of the matters stated within them. If a court adopted the approach of considering such documents for the truth of the matter asserted therein, it would be authorizing a trial by public documents, and thus imprudently expanding the scope of 12(b)(6) motions.").

Turning to the substance of the document, it lacks further indicia that it is authentic, accurate, or reliable. There is no author identified who would be able to verify its authenticity. There is no date for when the document was written. There is no logo, stamp, or other indication that the document is in fact written or disseminated by the Department of Education. It does not even indicate that it is a press release.

There is no indication that the document is complete. There are no page numbers. There is no indication that there has not been redactions or revisions to the document. The "true" document may be substantially longer. The sections would seem to imply missing content, for example, there is an "Overview" and a "Review." One would imagine that other sections would exist, like a "Conclusion."

There is also no evidence that the document was in fact published by Politico Pro on November 20, 2018, because "Political Pro is a customizable policy intelligence platform for professionals on the front lines of policy." *See* What is Politico Pro, https://www.politicopro.com/blog/what-is-politico-pro (last visited May 17, 2019). Access is only available to organizations who pay for the

subscription service, which is steep.  "Price depends on a number of factors, which we break down for you, but it starts in the mid-four-figure range."  *Id.*

The bulletin itself lacks credibility. Although Navient claims that the bulletin comes from a statement released by the Department of Education, the statement was not covered or reported by Associated Press, *CNBC*, *American Banker*, *Fox Business News*, *Market Watch*, or *CBS*, i.e., the same news agencies that reported on the Department of Education's audit of Navient in the first place. Thus, it stands to reason that this statement did not come from the Department of Education.

Given that the source, contents, and credibility of Exhibit 7 are heavily contested, it cannot be considered at the motion to dismiss stage (or perhaps even any other stage of the litigation). While not binding on this Court, the Ninth Circuit recently addressed this precise issue in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), and provided a thorough analysis on the bounds and applications of judicial notice and the doctrine of incorporation by reference. In pertinent part, the Ninth Circuit held:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access.

*Id.* at 998 (internal citations omitted). *Khoja* sums up its guidance as follows: "[i]f defendants are permitted to present their own version of the facts at the pleading stage — and district courts accept those facts as uncontroverted and true — it becomes near impossible for even the most aggrieved plaintiff to demonstrate a

sufficiently 'plausible' claim for relief." *Id.* at 999. Defendants' attempt to do just this should be rejected.

### Exhibit 8 – Defendants' Motion and Evidence from the CFPB Action

Defendants describe Exhibit 8 as materials from Navient's Motion for Partial Summary Judgment that it filed in *Consumer Financial Protection Bureau v. Navient Corporation, et al.*, No. 3:CV-17-00101 (M.D. Pa.). Plaintiffs do not dispute that court filings may be something for which a court may take judicial notice, in this instance, that defendants filed on January 17, 2019, a Motion for Partial Summary Judgment.  But where Defendants seek to introduce such evidence for its truth to dispute factual allegations raised by Plaintiff, this is not a proper purpose at the motion to dismiss stage.  "Taking judicial notice of the truth of the contents of a filing from a related action could reach, and perhaps breach, the boundaries of proper judicial notice." *Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001).  The use of such matters is limited, "[o]n a motion to dismiss, courts take judicial notice of documents which are matters of public record such as . . . court-filed documents. Such notice serves only to indicate what was in the public realm at the time, not whether the contents of those documents are true."  *U.S. ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 139 (E.D. Pa. 2012).

Exhibit 8 includes all twenty-nine pages of Defendants' Memorandum of Law in Support of Defendant's Motion for Partial Summary Judgment.  This includes not just Defendants' statement of facts, but also all of Defendants' argument.  It does nothing more than introduce factual allegations that contradict Plaintiff's factual allegation.  Next, Defendants introduce a "Statement of Undisputed Material Facts in Support of Defendants' Motion for Partial Summary Judgment," which they do not describe in their Declaration and runs another 54-pages. Although these materials contain cites to a record of evidence that presumably exists in Defendants' case with the CFPB, that evidence is neither before this Court nor has it been

produced to Plaintiff to examine. Moreover, it is worth noting that Defendants' motion was denied by the Honorable Robert D. Mariani based on the "sheer number and wide variety of discovery disputes before the Special Master . . . ." *CFPB v. Navient Corp.*, 3:17-CV-101, Order Denying Defs' Mot. Partial Sum. J., Dkt. No. 228 (M.D. Pa. Feb. 20, 2019).

Once again, Defendants seeks to improperly add factual allegations to combat Plaintiff's well-pleaded complaint. Defendants' efforts in this regard contravene the rationale that underlies the incorporation by reference doctrine, i.e., "lack of notice to plaintiff is dissipated where plaintiff has actual notice and has relied upon these documents in framing the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.  Defendants cannot seriously contend that Plaintiff incorporated this information by reference when the information is from Responses to Interrogatories between the CFPB and Navient. *Carroll v. Celebrity Cleaning, Inc.*, No. 3:18-CV-00638, 2018 U.S. Dist. LEXIS 214811, at *6 (M.D. Pa. Dec. 21, 2018) (citing *Khoja v. Orexigen Therapeutics, Inc.* and holding that affidavit, email, and contract was not appropriate for consideration at motion to dismiss stage because none of the materials was incorporated in or relied upon the complaint).

## CONCLUSION

None of these exhibits should be admitted either by judicial notice or by the incorporation by reference doctrine. For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' request for judicial notice of Exhibits 7 and 8 as appended to Defendants' Motion to Dismiss.

Dated: June 13, 2019               **LEVI & KORSINSKY, LLP**

                                   s/ Eduard Korsinsky
                                   Eduard Korsinsky (EK-8989)
                                   55 Broadway, 10th Floor

New York, New York 10006
Tel.:  (212) 363-7500
Fax:  (212) 363-7171
Email: ek@zlk.com

    -and-

Nicholas I. Porritt (*pro hac vice* to be
submitted)
Adam M. Apton (admitted *pro hac vice*)
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 333-2121
Email: nporritt@zlk.com
Email: aapton@zlk.com

*Attorneys for Lead Plaintiff
and Lead Counsel for the Class*