## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE NAVIENT CORPORATION SECURITIES LITIGATION | Civil No.  17-8373 (RBK/AMD)<br><br>**PROPOSED DISCOVERY PLAN** |

The parties in the above-captioned action respectfully submit the following Discovery

Plan:

1.    **Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

**Counsel for Plaintiff**

LEVI & KORSINSKY, LLP
Eduard Korsinsky
55 Broadway, 10th Floor
New York, N.Y. 10006
Tel: (212) 363-7500

    -and-

Nicholas I. Porritt
Adam M. Apton
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
Tel: (202) 524-4290

**Counsel for Defendants**

LATHAM & WATKINS LLP

Peter A. Wald
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600

Kevin M. McDonough
885 Third Avenue
New York, NY 10022
Tel: (212) 906-1200

Christopher S. Turner
555 Eleventh Street, Suite 1000
Washington, D.C. 20004-1304
Tel: (202) 637-2200

**2.     Set forth a factual description of the case, including the causes of action and affirmative defenses asserted.**

**Plaintiff's Position:**

This is a securities fraud class action brought by Plaintiff on behalf of a proposed Class of investors in Navient Corporation ("Navient"), one of the country's largest student loan servicers. Plaintiff has defined the proposed Class as follows: all persons who purchased or otherwise acquired Navient common stock between January 18, 2017 and November 20, 2018 at approximately 2:00 p.m. ET, inclusive (the "Class Period"). The Defendants in this action are: Navient; John F. Remondi, Navient's Chief Executive Officer; Somsak Chivavibul, Navient's Chief Financial Officer from April 2014 until March 26, 2017; and Christian M. Lown, Navient's Chief Financial since March 26, 2017.

Plaintiff alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act (and Rule 10b-5 promulgated thereunder). These sections allow private investors, such as Plaintiff, to recover damages when defendants misrepresent material facts with scienter in connection with the purchase or the sale of a security. *Institutional Inv'rs Grp. v. Avaya, Inc.*, 564 F.3d 242, 251 (3d Cir. 2009). The misrepresentations at issue in this case relate to Navient's loan servicing practices.

In particular, Plaintiff alleges that Navient engaged in a company-wide scheme of "steering" borrowers into "forbearance" plans above other repayment plans, such as "income-based repayment" plans. As alleged, this had the effect of placing Navient's interests over the interests of its borrower-customers and, in turn, exposing Navient to substantial regulatory risks by violating various state and federal consumer protection laws. Navient's "forbearance scheme" (as Plaintiff refers to it in the complaint) resulted in multiple regulatory actions, including cases brought by several state attorneys general and the Consumer Financial Protection Bureau.

Plaintiff alleges that Defendants concealed these loan servicing practices from investors and, when discussing the various regulatory lawsuits filed against the company, claimed that they were factually baseless and without merit. As a result of these statements, Defendants were able to minimize or downplay negative news about the company and maintain an artificially inflated stock price for Navient's stock. Ultimately, however, the truth about Navient's loan practices emerged and, when it did, the price of Navient's stock dropped precipitously. Any investors who purchased Navient stock while the price was artificially inflated suffered damages as a result. Plaintiff seeks to recover these damages from Defendants for himself and the proposed Class.

**Defendants' Position:**

This case is a purported securities class action brought under Sections 10(b) and 20(a) of the Securities Exchange Act (and Rule 10b-5 promulgated thereunder) against Navient Corporation ("Navient") and three individuals: John F. Remondi, Somsak Chivavibul, and Christian M. Lown (the "Individual Defendants" and collectively with Navient, "Defendants"). Lead Plaintiff purports to represent a putative class of all persons who acquired Navient common stock between January 18, 2017 and November 20, 2018 (the "Class Period"). Plaintiffs allege that Navient made misrepresentations regarding its forbearance practices, concealing a company-wide scheme to steer borrowers into forbearance, and that when the "truth" about Navient's alleged practices were revealed to the market, the price of Navient common stock dropped, causing damage to Plaintiff.

Plaintiff will be unable to prove that Navient or the Individual Defendants made an actionable false or misleading statement because Navient was not engaged in improper forbearance steering, much less the systemic "scheme" to direct borrowers to forbearance that Plaintiff has alleged. Indeed, the Department of Education, Navient's primary regulator, concluded that "Navient is substantially in compliance with its obligations" and that "[n]othing in the [FSA's report] indicates forbearances were applied inappropriately."

Plaintiff will not be able to show that Defendants acted with the requisite scienter. Evidence will show that the Individual Defendants did not knowingly or recklessly make any allegedly false statement, and that no Defendant had any cognizable motive to fraudulently prop up the price of Navient securities.

Plaintiff will be unable to show that any alleged misrepresentation caused his purported loss. Plaintiff's cited disclosures—a consumer protection action filed by the Pennsylvania Attorney General ("PA AG") in October 2017 and a November 2018 FSA Report—were not "corrective" at all. The PA AG's complaint provided no new information about Navient's alleged forbearance practices—and was, instead, the materialization of a known risk of further regulatory action. And as the Department of Education's own public statements make clear, the FSA Report did not, contrary to Plaintiff's assertions, establish any forbearance steering.

In addition to these defenses, Navient has asserted certain other affirmative defenses in response to Plaintiffs' allegations to be proved at trial. The foregoing statement incorporates by reference Defendants' Answer to the Complaint, and is not intended to either supersede or otherwise waive or exclude any of the defenses asserted in the Answer.

3.      **Have settlement discussions taken place?**

Yes _____ No __X__

3

4.      The parties **have** met pursuant to Fed. R. Civ. P. 26(f).

5.      **The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1).**

The Parties intend to make disclosures of information required by Fed. R. Civ. P. 26(a)(1) on January 31, 2020.

6.      **Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).**

None.

7.      **Plaintiff has not yet served requests for production of documents.**

8.      **Proposed Joint Discovery Plan:**

(a)      Discovery is needed on the following subjects:

**Plaintiff's Proposed Scope of Discovery:**

Without prejudice, Plaintiff generally expects to seek discovery on the following topics:

- Navient's loan servicing practices, including "forbearance" and "income-based repayment" plans.

- Public statements made by Defendants in Navient's filings with the U.S. Securities and Exchange Commission, press releases, and during conference calls.

- Navient's compensation and incentive policies for customer service representatives as well as Defendants Remondi, Chivavibul, and Lown.

- Policies set by and/or approved by Navient's board of directors or senior management concerning public disclosures and loan servicing practices.

- Discovery provided by Navient in related lawsuits, including its lawsuit with the Consumer Financial Protection Bureau as well as a separate ongoing class action lawsuit pending in the United States District Court for the District of Delaware (*Lord Abbett Affiliated Fund, Inc., et al v. Navient Corporation et al.*, No. 1:16-cv-00112-MN).

- The market for Navient securities before, during, and after the Class Period.

- Navient's accounting methods and procedures relating to loans in "forbearance" and other repayment plans.

- Metrics used by the U.S. Department of Education to evaluate Navient's loan servicing programs.

- Navient's regulatory compliance processes and procedures relating to loan servicing industry practices and applicable law.

**Defendants' Proposed Scope of Discovery:**

Defendants expect that the relevant time period for discovery in this action will be tailored to the allegations and the class period in the operative complaint, informed by the Court's order on Defendants' motion to dismiss.  Defendants expect to seek discovery from Plaintiff on the following subjects:

- Lead Plaintiff's purchase of Navient securities.

- Lead Plaintiff's investment policies and practices.

- Other issues that may bear on Lead Plaintiff's typicality and adequacy as a potential class representative.

Defendants also expect to seek discovery from certain third parties, as needed, regarding the following subjects:

- Lead Plaintiff's purchase of Navient securities.

- Lead Plaintiff's investment policies and practices.

- The allegations attributed to confidential witnesses.

- The FSA Review.

- The Department of Education's response to the FSA Review.

Defendants make these statements without prejudice, and reserve their rights to seek discovery outside of the subjects enumerated above.

**(b)** Discovery should not be conducted in phases or limited to particular issues, other than as set forth below.

**Proposed Schedule**

1.  E-Discovery Conference pursuant to L. Civ. R. 26.1(d) was commenced on January 9, 2020.  The parties will submit to the Court an agreed-upon ESI protocol, or disputes relating to the ESI protocol, on January 31, 2020.

2.  The parties will submit to the Court an agreed-upon Discovery Confidentiality Agreement and Protective Order, or disputes relating to this order, on January 23, 2020.

3.      Fed. R. Civ. P. 26(a) Disclosures on January 31, 2020.

4.      Service of initial written discovery within 30 days after entry of the Initial Scheduling Order.

5.      Maximum number of interrogatories by each side shall be 25, subject to additional interrogatories for good cause shown.

6.      Maximum number of depositions to be taken by each party shall be 12, subject to additional depositions for good cause shown.

7.      Motions to amend or add parties filed within 180 days after entry of the Initial Scheduling Order.

8.      Motion for Class Certification filed within 150 days after entry of the Initial Scheduling Order.

9.      Deposition of Plaintiff and Plaintiff's class certification expert(s) to be completed within 30 days after filing of Motion for Class Certification.

10.     Defendants' Opposition to Class Certification within 45 days after filing of Motion for Class Certification.

11.     Deposition of Defendants' class certification expert(s) to be completed within 30 days after filing of Opposition to Motion for Class Certification.

12.     Plaintiff's Reply Brief in Support of Class Certification within 45 days after filing of Motion for Class Certification.

13.     Fact discovery to be completed within 210 days after entry of the Initial Scheduling Order.

14.     Affirmative expert report(s) 45 days after completion of fact discovery.

15.     Rebuttal expert reports within 45 days after service of affirmative expert reports. The subject matter of any rebuttal expert reports should be limited to contradict or rebut evidence on the same subject matter identified in affirmative expert reports.

16.     Depositions of expert(s) and discovery cut-off within 90 days after service of affirmative expert report(s).

17.     Dispositive Motions to be filed within 30 days after the close of expert discovery.

18.     Oppositions to Dispositive Motions to be filed within 60 days of filing of Dispositive Motions.

19.     Replies to Dispositive Motions to be filed within 45 days of filing of Oppositions to Dispositive Motions.

(e)    A pretrial conference may take place <u>as directed by the Court</u>.

(f)    A trial date (jury trial) will be set <u>as directed by the Court</u>.

9.    **Do you anticipate any special discovery needs (*i.e.*, videotaped/telephone depositions, problems with out-of-state witnesses or documents, etc.):**

The parties anticipate that depositions in this action will be videotaped. Given the parties' agreement on this point, however, Court intervention on these issues will likely be unnecessary.

10.    **Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**

While the parties anticipate production of discovery through ESI, they do not anticipate at this time any disputes relating to such discovery.

11.    **Do you anticipate any discovery problem(s) not listed above.**

The parties may ultimately disagree regarding the appropriate scope of discovery in the action, but the parties recognize that no such discovery has yet been requested and no such dispute is presently ripe for the Court's consideration.

12.    **State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (*i.e.*, after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).**

This matter is not appropriate for arbitration because the amount in controversy is in excess of the amount provided in the Local Rules.  At this point, it is not appropriate for mediation, but may be after some limited discovery has occurred.

13.    **Is this case appropriate for bifurcation?**

No.  It is not appropriate to bifurcate trial of this securities class action.  Trial should resolve the class claims regarding liability and per-share damages.  If there is a judgment against Defendants, the post-trial claims process should permit evaluation of individual issues, including any challenges to individuals' proof of reliance and damages, where appropriate. The parties reserve their rights to seek/oppose discovery in connection with any such post-trial process.

14.    **The parties <u>do not</u> consent to the trial being conducted by a Magistrate Judge.**

15.    **Identify any other issues to address at the Rule 16 Conference.**

None.

LEVI & KORSINSKY, LLP
*Counsel for Lead Plaintiff*
*and Lead Counsel for the Proposed Class*


By: ___/s/ Eduard Korsinsky_____
          Eduard Korsinsky


LATHAM & WATKINS LLP
*Counsel for Defendants*

By: ___/s/ Peter A. Wald_____
          Peter A. Wald