**LATHAM & WATKINS LLP**

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

February 26, 2021

Hon. Ann Marie Donio
United States Magistrate Judge
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

Re: *In re Navient Corporation Securities Litigation,* No. 1:17-cv-08373-RBK-AMD

Dear Magistrate Judge Donio:

On behalf of Defendants Navient Corporation, John F. Remondi, Somsak Chivavibul, and Christian M. Lown (collectively, "Defendants"), we submit this letter brief opposing Plaintiff's request for an order compelling the production of causation and damages reports submitted by Michael Hartzmark and René Stulz in the *Lord Abbett* matter. Plaintiff contends that these reports "address damages issues that are nearly identical to those in this litigation and, accordingly, should be produced" in this case. Dkt. 101 at 1. This claim is meritless. The causation and damages issues in *Lord Abbett* are far different from those being litigated here. For this reason, and those set forth below, Defendants respectfully request that the Court deny Plaintiff's motion.

**I.     BACKGROUND**

Navient Corporation is presently involved in two securities class actions: *Lord Abbett Affiliated Fund, Inc., et al. v. Navient Corporation, et al.*, No. 1:16-cv-00112-MN (D. Del.) ("*Lord Abbett*"), and this action.

The *Lord Abbett* action was filed in early 2016 on behalf of investors who purchased Navient securities between April 17, 2014 and December 28, 2015. The *Lord Abbett* plaintiffs assert claims against Navient and certain officer and director defendants under both Section 10(b) of the Exchange Act and Section 11 of the Securities Act. The Section 10(b) claims, initially brought on behalf of purchasers of Navient common stock, 210 different Navient notes, and Navient options, involve two discrete sets of allegations. The first challenges Navient's accounting for its loan loss allowance and loan loss provisions, which the *Lord Abbett* plaintiffs contend were understated from the second quarter of 2014 through the first quarter of 2015. The second challenges Navient's statements regarding its forbearance practices, which plaintiffs contend failed to disclose an alleged scheme by Navient to steer borrowers into forbearance rather than other repayment options. Plaintiff further alleges that the accounting misstatements were revealed by alleged corrective disclosures on July 13 and July 22, 2015, when the Company increased its

Hon. Ann Marie Donio
February 26, 2021
Page 2

LATHAM&WATKINS LLP

allowance for loan losses, and that the forbearance misstatements were revealed by an alleged corrective disclosure on September 29, 2015, when the Consumer Financial Protection Bureau ("CFPB") issued a report discussing the forbearance practices of student loan servicers.

The *Lord Abbett* plaintiffs also assert Section 11 claims on behalf of purchasers of notes in three Navient offerings (two in November 2014, and one in April 2015). The Section 11 claims are predicated on the two sets of allegations outlined above, and a third set relating to the potential effects of a proposed rule by the Federal Housing Finance Agency ("FHFA") regarding a particular Navient credit facility. According to plaintiffs, these allegations give rise to another alleged corrective disclosure on December 28, 2015, when Navient's access to the credit facility was reduced.

This action, in contrast, is brought solely on behalf of purchasers of Navient common stock; neither Navient notes nor Navient options are at issue. Furthermore, this action focuses on an entirely different time period, starting more than a year later: January 18, 2017 to November 20, 2018. In addition, this action asserts only claims under Section 10(b) of the Exchange Act, and focuses on "misrepresentations about Navient's regulatory risk" (Dkt. 101 at 2); it contains no allegations regarding Navient's accounting for loan losses or access to credit facilities. This action also focuses on two different corrective disclosures: the October 5, 2017 announcement that the Pennsylvania Attorney General had filed a lawsuit against Navient, and a November 20, 2018 Associated Press article addressing a Department of Education review of Navient's servicing practices in March 2017.

Notwithstanding the differences between these two actions, Plaintiff has requested that Defendants produce expert witness reports covering causation and damages issues from the *Lord Abbett* action. Importantly, Defendants have agreed to produce, and have produced, the *Lord Abbett* reports of Jon Veenis and Dr. Xiaoling Ang, two experts offering opinions regarding Navient's loan servicing practices—an issue common to the two actions.[1] However, Defendants have refused to produce the reports of the *Lord Abbett* defendants' expert, Dr. René Stulz, or the *Lord Abbett* plaintiffs' expert, Dr. Michael Hartzmark, on grounds that the causation and damages analyses specific to those reports simply are not relevant here—even under the broad standard governing "relevance." Defendants agree that the parties have reached an impasse following good-faith efforts to resolve the dispute, and that the issue is ripe for court intervention.

**II.     ARGUMENT**

In assessing discovery obligations under Federal Rule of Civil Procedure 26, this Court has held that "[t]he complaint and its claims circumscribe the scope of discovery and it is against these claims that discoverability is determined as to each discovery request made." *Druding v. Care Alternatives*, No. 08-2126, 2017 WL 11461795 at *3 (D.N.J. June 21, 2017); *Solano-Sanchez v. State Farm Mutual Auto Ins. Co.*, No. 19-4016, 2021 WL 229400 at *2 (E.D. Pa. Jan. 22, 2021) ("To determine the scope of discoverable information under Rule 26(b)(1), the Court looks initially to the pleadings[.]"). Thus, the inquiry for this Court is whether, in light of the specific claims and

---

[1] Defendants also have produced expert reports regarding loan servicing issues submitted by the *Lord Abbett* plaintiffs.

**LATHAM&WATKINS**LLP

defenses raised here, the discovery sought falls within the scope of discoverable information under Rule 26.

Defendants acknowledge that certain issues span both this case and *Lord Abbett*. Specifically, plaintiffs in both actions allege that Navient improperly steered borrowers into forbearance instead of other repayment options. As a result, Defendants agreed to produce, and have produced, expert reports in the *Lord Abbett* action that address loan servicing. However, production of the reports prepared by Dr. Stulz and Dr. Hartzmark is not warranted because, contrary to Plaintiff's assertion, the causation and damages issues in this case simply do not overlap with those arising in *Lord Abbett*. *See, e.g., Cheri v. Linvas Corp.,* No. 17-8317 (MCA)(JAP), 2019 WL 11271377 (D.N.J. May 31, 2019) (denying request for expert reports, among other things, in prior actions that involved the same "general alleged" claims but did not occur in the same time period).

- **The claims in the cases are different.** In addition to Exchange Act claims, the *Lord Abbett* action involves claims asserted under Section 11 of the Securities Act. The Section 11 claims differ substantially from those asserted here—most notably as to causation and damages, the subject of the expert reports that Plaintiff seeks. Causation is not an element of Section 11 claims; rather, defendants may disprove causation as an affirmative defense. And damages for Section 11 claims are calculated by a statutory formula. Dr. Stulz and Dr. Hartzmark each offered two types of damages reports in *Lord Abbett*: one addressing the Section 11 claims and one addressing the Section 10(b) claims. Given that Plaintiff here asserts no Section 11 claim, the Section 11 reports plainly are not relevant to the "complaint and its claims" here. *Druding*, 2017 WL 11461795 at *3.

- **The securities at issue in the cases are different.** Plaintiff fails to mention that the *Lord Abbett* action involves securities not at issue here. Plaintiffs in *Lord Abbett* have brought claims on behalf of purchasers of Navient notes and purchasers of Navient options. Plaintiff here does not (and cannot) contend that analysis of these notes and options, and how they reacted to market events, has any bearing on this case.

- **The class periods in the cases are different.** While Plaintiff acknowledges that the class periods in the two cases do not overlap (Dkt. 101 at 2), he contends that the "nature of the market for its stock… would not differ from 2015 to 2018." Yet he provides no support for this bald assertion—nor can he, as it defies reason that Navient securities would perform the same in the period immediately following the company's April 2014 formation (the *Lord Abbett* class period), as they did during a wholly separate period commencing three years later (the class period in this action).

- **The allegations in the cases are different.** Finally, Plaintiff ignores the undisputed truth that *Lord Abbett* involves claims regarding loan loss reserves, credit facilities, and other issues not remotely present here. Instead, Plaintiff contends that the *Lord Abbett* case—and the causation/damages reports submitted therein—are similar to this case because "Navient's misrepresentations caused damages to stockholders when news emerged that various regulatory agencies were considering taking legal action" against

**LATHAM&WATKINS**LLP

it. Dkt. 101 at 1. Yet this too is wrong. Plaintiff has cited—and the *Lord Abbett* plaintiffs have made—no such allegations. Moreover, to the extent Plaintiff contends the corrective disclosures are similar, he undercuts his own claims—as a broad disclosure of improper forbearance practices in 2015 is fatal to Plaintiff's argument that Navient concealed these alleged practices in 2017 and 2018. *See, e.g., SLF Holdings, LLC v. Uniti Fiber Holdings, Inc.*, No. 19-1813-LPS, 2020 WL 6484310, at *14 (D. Del. Nov. 4, 2020).

Notwithstanding the above, Plaintiff insists that the "experts in this proceeding will necessarily have to opine on nearly identical issues as Dr. Hartzmark and Dr. Stulz." Dkt. 101 at 2. But the critical differences between the two cases—and the very different causation and damages analyses attendant to them—put the lie to Plaintiff's argument. Indeed, if Plaintiff were correct, then *any* damages report issued by *any* expert in *any* prior litigation involving *any* similar company would be relevant, and would warrant production. Neither logic nor case law supports Plaintiff's approach. *Cheri*, 2019 WL 11271377, at *2-3.

Nor do Plaintiff's own authorities support his assertion that expert reports from a different securities class action involving different claims, different securities, different issues, and a different class period are discoverable here. Dkt. 101 at 2, 3. For example, Plaintiff relies on *Godo Kaisha IP Bridge 1 v. TCL Commun. Tech. Holdings Ltd.*, No. 15-634-JFB-SRF, 2018 U.S. Dist. LEXIS 37781, at *4 (D. Del. Mar. 8, 2018), which allowed discovery of prior expert reports regarding royalty rates because the "patents at issue do not need to be identical to…understand…licensing practices" and "comparable patents may be of assistance in determining a reasonable royalty rate." *Id.* This case and the other authorities Plaintiff cites stand for the unsurprising and undisputed proposition that expert reports from other cases *can be* relevant; they do not support—much less establish—relevance here, where the causation and damages issues are so different.[2] Read properly, these cases affirm Defendants' position—that prior expert reports regarding industry practice, like the reports from Dr. Ang and Mr. Veenis that Defendants already have produced, are discoverable, while unrelated causation and damages reports are not.

If Plaintiff genuinely seeks to probe how "the market reacted to news about" Navient, he can look to the reports authored by Dr. Stulz and Dr. Hartzmark and filed publicly in connection with the *Lord Abbett* class certification briefing. *See Lord Abbett Affiliated Fund v. Navient Corp.*, Case No. 1:16-cv-00112-MN at Dkt. 106, 119. Plaintiff's failure even to acknowledge their availability makes clear that this purported justification for plaintiff's motion is pure pretense. Any further discovery of Dr. Stulz and Dr. Hartzmark's reports from *Lord Abbett* is nothing more than a "fishing expedition" of the kind that this Court routinely rejects. *Cheri*, 2019 WL 11271377, at

---

[2] *See, e.g., N.J. Mfrs. Ins. Grp. v. Electrolux, Inc.*, No. 10-1952 (WJM), 2011 U.S. Dist. LEXIS 124411, at *12 (D.N.J. Oct. 26, 2011) (compelling production of expert reports analyzing defects in same product at issue in products liability case); *Infernal Tech., LLC v. Microsoft Corp.*, No. 2:18-CV-00144-JRG, 2019 U.S. Dist. LEXIS 186444, at *6 (E.D. Tex. May 3, 2019) (allowing discovery of patent-related reports where defendants showed patents were "proper comparative reference for purposes of infringement").

\*3 (rejecting discovery for unrelated expert reports because it is "the sort of fishing expedition that goes beyond even Rule 26(b)'s broad scope of discovery"); *see also Prof'l Recovery Servs. v. GE Capital Corp.*, No. 06-2829 (JBS), 2009 WL 137326, at \*4 (D.N.J. Jan. 15, 2009) (rejecting any "fishing expedition precluded by the rule of proportionality").

### III.   CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's request to compel production of the Section 10(b) or Section 11 expert reports offered in the *Lord Abbett* matter by Dr. Stulz or Dr. Hartzmark.

Respectfully,

Christopher S. Turner (admitted *Pro Hac Vice*)
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)