**EXHIBIT D-41**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE NAVIENT CORPORATION SECURITIES LITIGATION | Case No. 1:17-cv-08373-RBK-AMD<br><br>**DECLARATION OF<br>KARIN DRYHURST** |

I, Karin Dryhurst, hereby certify pursuant to 28 U.S.C. § 1746 that:

1. I am a counsel in the Washington D.C. office of the law firm WilmerHale.

2. I am counsel of record for Navient Corporation and Navient Solutions, LLC (collectively, "Navient") in a lawsuit brought by the Consumer Financial Protection Bureau in the United States District Court for the Middle District of Pennsylvania, captioned *Consumer Financial Protection Bureau v. Navient Corporation, et al.*, No. 3:17-cv-00101-RDM. This declaration is based on my personal knowledge and my review of the documents described below.

3. In connection with that representation, on November 28, 2018, WilmerHale submitted a Freedom of Information Act ("FOIA") request to the U.S.

Department of Education on behalf of Navient (the "FOIA Request"). The FOIA Request sought "a copy of the written statement the Department of Education ("ED"), through its spokesperson Liz Hill, provided to Politico reporter Michael Stratford for use in an article published by Politico Pro on November 20, 2018." The FOIA request also sought "any communications through which Mr. Stratford requested and ED provided this statement, including any descriptions or characterizations of the statement included in such communications." A true and correct copy of the FOIA Request is attached hereto as Exhibit A.

4. On December 31, 2018, WilmerHale received an initial determination letter from the U.S. Department of Education regarding the FOIA Request. The initial determination letter assigned the FOIA Request a number: "19-00414-F[.]" A true and correct copy of the December 31, 2018 initial determination letter is attached hereto as Exhibit B.

5. On June 26, 2019, WilmerHale received from the U.S. Department of Education a "final response" to the FOIA Request. A true and correct copy of the final response is attached hereto as Exhibit C.

6. The final response attached "5 pages of fully releasable documents that are responsive to" the FOIA Request. A true and correct copy of the responsive documents is attached hereto as Exhibit D.

CONFIDENTIAL NAV-IRNC-003404975

Executed on the [10]th day of March, 2021.

*Karin Dryhurst*

CONFIDENTIAL                                                                                                                       NAV-IRNC-003404976

# EXHIBIT A

CONFIDENTIAL
NAV-IRNC-003404977

# WILMERHALE

November 28, 2018

**Gary R. Dyal**

+1 202 663 6578 (t)
+1 202 663 6363 (f)
gary.dyal@wilmerhale.com

**Via E-Mail**
U.S. Department of Education
Office of Management
Office of the Chief Privacy Officer
400 Maryland Avenue, SW, LBJ 2E320
Washington, DC 20202-4536
ATTN: FOIA Public Liaison

**Re: Freedom of Information Act Request**

Dear Sir or Madam,

This letter constitutes a request on behalf of Navient Solutions, LLC ("Navient Solutions") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

Pursuant to the FOIA, we request that you provide a copy of the written statement the Department of Education ("ED"), through its spokesperson Liz Hill, provided to Politico reporter Michael Stratford for use in an article published by Politico Pro on November 20, 2018. We further request any communications through which Mr. Stratford requested and ED provided this statement, including any descriptions or characterizations of the statement included in such communications.

We understand that we can expect a response within 20 days of your receipt of this letter. Within that period, please provide either the documents requested or a written statement of the grounds, including specific provisions of FOIA, for denying, redacting, or withholding any records responsive to this request. Navient Solutions agrees to pay any applicable fees related to this request.

If you have any questions about this request or require further information, please contact me at gary.dyal@wilmerhale.com or (202) 663-6578. Thank you for your attention to this matter.

Sincerely,

Gary R. Dyal

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    Washington

CONFIDENTIAL                                                                                                      NAV-IRNC-003404978

# EXHIBIT B

CONFIDENTIAL
NAV-IRNC-003404979



**UNITED STATES DEPARTMENT OF EDUCATION**

OFFICE OF MANAGEMENT

Office of the Chief Privacy Officer

December 31, 2018

Gary Dyal
WilmerHale
1875 Pennsylvania Ave. NW
Washington, DC 20006

**RE: FOIA Request No. 19-00414-F**

Dear Mr. Dyal:

This is the Department of Education's (the Department) initial determination letter to your request dated, November 28, 2018, seeking information pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Your request was forwarded to the appropriate offices within the Department for any responsive documents they may have.

We aim to complete your requests as promptly as possible. At this time, we are unable to provide an estimated completion date, but intend to provide records on a rolling basis as they become available. You can check on the status of your request here:

https://www2.ed.gov/policy/gen/leg/foia/foiatoc.html?src=ft

You have the right to seek assistance and/or dispute resolution services from the Department's FOIA Public Liaison or the Office of Government Information Services (OGIS). The FOIA Public Liaison is responsible, among other duties, for assisting in the resolution of FOIA disputes. OGIS, which is outside the Department of Education, offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.

They can be contacted by:

| | | |
|---|---|---|
| Mail | FOIA Public Liaison<br>Office of the Chief Privacy Officer<br>U.S. Department of Education<br>400 Maryland Ave., SW, LBJ 7C132<br>Washington, DC 20202-4536 | Office of Government Information Services<br>National Archives and Records Administration<br>8601 Adelphi Road<br>Room 2510<br>College Park, MD  20740-6001 |
| E-mail | robert.wehausen@ed.gov | OGIS@nara.gov |
| Phone | 202-205-0733 | 301-837-1996; toll free at 1-877-684-6448 |
| Fax | 202-401-0920 | 301-837-0348 |

Sincerely,

*Robert Wehausen*

Team Lead
FOIA Service Center

400 MARYLAND AVE., S.W., WASHINGTON, DC 20202-4500
www.ed.gov

*Our mission is to ensure equal access to education and to promote educational excellence throughout the Nation.*

# EXHIBIT C

CONFIDENTIAL
NAV-IRNC-003404981



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF THE SECRETARY
*FOIA Service Center*

June 26, 2019

Gary R Dyal
WilmerHale
1875 Pennsylvania Ave NW
Washington, DC  20006

RE: FOIA Request No. 19-00414-F

Dear Gary R Dyal:

This letter is a final response to your request for information pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, dated November 28, 2018 and received in this office on November 29, 2018. Your request was forwarded to the appropriate office to search for documents that may be responsive to your request: Office of Communication & Outreach (OCO).

You requested the following:

1. We request that you provide a copy of the written statement the Department of Education ("ED"), through its spokesperson Liz Hill, provided to Politico reporter Michael Stratford for use in an article published by Politico Pro on November 20, 2018.
2. We further request any communications through which Mr. Stratford requested and ED provided this statement, including any descriptions or characterizations of the statement included in such communications.

Attached to this e-mail are 5 pages of fully releasable documents that are responsive to your request.  The documents provided are:

➢ Documents pertaining to L. Hill.

Provisions of the FOIA allow us to recover the costs pertaining to your request.  The Department has concluded that you fall within the category of an "all other use" requester.  However, the Department has provided you with these responsive documents, at no cost.  The Department's release of information at no cost does not constitute the grant of a fee waiver, and does not infer or imply that you will be granted a fee waiver for future requests made under FOIA to the Department.

You have the right to seek further assistance from the Department's FOIA Public Liaison, Robert Wehausen.  The Department's FOIA Public Liaison can be reached by e-mail at robert.wehausen@ed.gov; by phone at 202-205-0733; by fax at 202-401-0920; or by mail at Office of the Executive Secretariat, U.S. Department of Education, 400 Maryland Ave., SW, LBJ 7C132, Washington, DC 20202-4536, Attn:  FOIA Public Liaison.

CONFIDENTIAL                                                                                                                                 NAV-IRNC-003404982

Page 2 – Gary R Dyal
FOIA Request No. 19-00414-F

If you have any questions, please contact the FOIA Service Center at (202) 401-8365 or via e-mail at [EDFOIAManager@ed.gov](mailto:EDFOIAManager@ed.gov).

                Sincerely,

                *Arthur Caliguiran*

                Arthur Caliguiran
                FOIA Analyst
                FOIA Service Center

CONFIDENTIAL NAV-IRNC-003404983

# EXHIBIT D

CONFIDENTIAL
NAV-IRNC-003404984

**From:** Hill, Elizabeth
**To:** Landis, Patricia
**Subject:** FW: Warren Releases New Evidence of Navient Student Loan Malfeasance
**Date:** Monday, December 10, 2018 2:22:50 PM

If they are referring to the Navient case, this is the only correspondence I have with Michael about it on Nov. 20th.

**From:** Hill, Elizabeth
**Sent:** Tuesday, November 20, 2018 3:39 PM
**To:** Michael Stratford
**Subject:** RE: Warren Releases New Evidence of Navient Student Loan Malfeasance

Hi Michael,
No bother. I would ask that you read this entire explanation before you decide to push a story. First, there was no audit. There was an internal review. **FSA's May 18, 2017 report did not conclude that Navient was improperly steering borrowers into forbearance.** That report instead documented that FSA reviewed well over 2,000 borrower calls and that, in approximately 9% of those calls, **it was not clear** whether Navient had sufficiently discussed options with the borrower. In response to FSA's preliminary conclusions, Navient provided detailed information about each of the calls at issue. Based on FSA's review of Navient's responses and FSA's independent review of Navient's overall performance, FSA has concluded that Navient is substantially in compliance with its obligations.

**FSA Review of Navient**
**Overview:** In January 2017, the Consumer Financial Protection Bureau (CFPB) filed suit against Navient, alleging that the company systematically failed to provide student loan borrowers with adequate services. In the wake of this suit, FSA senior management requested an internal review of Navient's activities under their Federal student loan servicing contract to assess the company's compliance with contractual requirements. **This review was in addition to ongoing oversight and monitoring activities, which had not indicated widespread issues with non-compliance**, and was intended to provide FSA senior leadership with additional information given the increased focus on Navient created by the lawsuit. **As discussed in greater detail below, the review was not an audit, did not identify instances of systematic non-compliance, and did not result in findings, sanctions, or the establishment of a corrective action plan.**

Based on our own due diligence, our review of case-specific information provided by Navient, and our analysis of Navient as compared to other servicers, ED concluded that Navient was not improperly steering borrowers into forbearance, a conclusion supported by FSA's May 2017 site visit report. Nothing in the report indicates forbearances were applied inappropriately – the observations noted focused on suggested improvements regarding how to best counsel borrowers on a small minority of calls. In addition, a subsequent review of the borrower-level data provided by Navient in response to the site visit report confirmed that in most cases forbearances were used as intended to resolve short-term issues related to delinquency consistent with the borrower's circumstances.

FSA is committed to ensuring our contractors provide high-quality service for borrowers. Our loan servicing contract requirements, compensation model, and performance-based allocation of additional borrower accounts are all designed to lead servicers to identify the best outcome based

CONFIDENTIAL

NAV-IRNC-003404985

on each borrower's individual circumstances. For example, servicers receive $2.85 per month for borrowers who are current on their loans but only $1.05 per month for a borrower in forbearance. We believe this alone provides a significant incentive for servicers to counsel borrowers appropriately regarding the use of forbearance. In addition, our oversight and monitoring activities focus on reviewing servicer activities to ensure borrowers receive courteous, correct, and consistent guidance regarding repayment plans and other loan benefits available to help them manage their debt.

**Review:** As part of the review, FSA conducted a site visit at Navient from March 20-24, 2017. During this visit, FSA staff reviewed Navient's inbound and outbound call processes, listened to and evaluated recorded inbound calls, and conducted side-by-side reviews of live inbound calls. FSA was also provided with recorded outbound calls that were reviewed after the completion of the site visit. The review did not involve detailed assessments on individual borrower cases beyond issues raised on the specific calls under review.

***The review did not result in any findings of non-compliance with contractual requirements.*** Reviewers did document five observations and related recommendations regarding possible improvements Navient could make to their procedures, processes, and training. FSA staff reviewed 2,388 calls. Because in 220 cases, or 9.4 percent of the calls reviewed, Navient did not offer an option other than forbearance, three of these recommendations involved broadening the scope of interactions where forbearances are under consideration to ensure that borrowers are aware of other options available to most effectively manage their debt.

After being provided with the results of the review, Navient responded with extensive information about each of the cases FSA noted in their observations regarding forbearance application and borrower counseling. Navient argued that this review showed that in most cases the representatives followed established call processes and found the appropriate solution for the borrower's situation. FSA included this response without comment in the final site visit report, which was completed on May 18, 2017.

Other elements of FSA's review included an assessment of data across all Federal servicers to determine whether there were any indications of excessive forbearance use or other non-compliant behavior. ***Program data indicated that Navient's overall use of forbearance was consistent with that of other servicers, while the duration of forbearances for Navient borrowers was actually among the lowest of the Department's nine servicers.*** Navient also had among the highest take-up rates for income-driven repayment plans, as well as longer than average call durations in comparison to all servicers. Servicers pushing borrowers into forbearance without discussing other options would be expected to have shorter than average call durations rather than longer. ***Lastly, a review of the borrower-level data provided by Navient in response to FSA's site visit indicated that in most cases forbearances had been applied appropriately to resolve short-term issues related to delinquency consistent with the borrower's circumstances.***

Best,
Liz

---

**From:** Michael Stratford [mailto:mstratford@politico.com]
**Sent:** Tuesday, November 20, 2018 3:30 PM
**To:** Hill, Elizabeth
**Subject:** FW: Warren Releases New Evidence of Navient Student Loan Malfeasance

Hey, Sorry to bug on something else... We're writing on this. Can we have the statement you gave to

CONFIDENTIAL
NAV-IRNC-003404986

AP?

—

Michael Stratford
Education reporter
POLITICO
(o) 703-672-2815
(c) 617-909-1902
twitter.com/mstratford

---

**From:** Elizabeth Warren Press Office <press@warren.senate.gov>
**Date:** Tuesday, November 20, 2018 at 3:21 PM
**To:** Michael Stratford <mstratford@politico.com>
**Subject:** Warren Releases New Evidence of Navient Student Loan Malfeasance

**FOR IMMEDIATE RELEASE**
November 20, 2018
Contact: Ashley Woolheater, 202-224-2292

### Warren Releases New Evidence of Navient Student Loan Malfeasance

*Calls on Navient CEO to Explain Findings of Previously Undisclosed Audit*

*Seeks Explanation for Misinformation Provided to Senate and the Public*

Text of the Letter (PDF) | Text of the Report (PDF)

**Boston, MA** - United States Senator Elizabeth Warren (D-Mass.) sent a letter to Jack Remondi, the President and CEO of Navient Corporation, the nation's largest servicer of federal and private student loans, regarding a previously undisclosed Education Department audit report that reveals Navient's disturbing record of cheating student borrowers and driving them into debt. The Consumer Financial Protection Bureau (CFPB) and several state Attorneys General have sued Navient, and numerous consumer advocates have raised concerns about its appalling practices. The previously undisclosed audit report bolsters the allegations against Navient, and it directly contradicts Mr. Remondi's explicit denial to Senator Warren that such an audit existed.

"Navient told the public that there was no merit to the CFPB's lawsuit even after it received an Education Department audit that bolstered the allegations and found the company was not adequately servicing student borrowers. Navient needs to explain the appalling findings of this audit and why the company denied that it existed," **said Senator Warren.**

According to the audit, Navient offered only forbearance as an option for about 10 percent of student borrowers the company spoke to on the phone, leaving them with incomplete information and unfairly steering them into forbearance. The audit report also states that, "in some instances, interest was capitalized when another option may have prevented it," meaning that many struggling student borrowers who sought help from Navient ended up owing more

money than if they had never spoken to the company. These findings appear to validate the allegations that Navient boosted its profits by steering student borrowers into forbearance when that was often the worst financial option for them.

In a lawsuit filed in January 2017, the CFPB alleged that Navient (formerly Sallie Mae) unfairly steered struggling student borrowers into forbearance plans that caused them to pay more than they had to on their student loans. According to the CFPB, from January 2010 to March 2015, Navient added up to $4 billion in interest charges to the principal balances of borrowers who were enrolled in multiple, consecutive forbearances. This audit report raises questions about whether a significant portion of these charges could have been avoided had Navient acted in the best interests of these borrowers. It also gives disturbing new weight to Navient's astounding assertion in response to the CFPB's lawsuit that, "There is no expectation that the servicers will act in the interest of the consumer."

Senator Warren called on Remondi to retract the falsehoods exposed by this audit, explain why he denied to her that such an audit existed, and explain his company's longstanding record of unfair and deceptive practices.

###

CONFIDENTIAL                                                                                                          NAV-IRNC-003404988

To unsubscribe from this mailing list, click here.

CONFIDENTIAL

NAV-IRNC-003404989