EXECUTION

Adam M. Apton, Esq.
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171

*Attorneys for Class Representative
and Class Counsel*

[Additional counsel on signature page]


**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re NAVIENT CORPORATION SECURITIES LITIGATION | Master File No. 17-8373 (RBK/AMD)<br><br>**STIPULATION OF SETTLEMENT** |

This Stipulation of Settlement, dated November 16, 2021 (the "Stipulation"), is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is made and entered into by and among: (i) Lead Plaintiff and Class Representative Jesse Wayne Pritchard, individually and on behalf of the Settlement Class (collectively, "Plaintiffs"); and (ii) Defendants Navient Corporation ("Navient"), John F. Remondi, Somsak Chivavibul, and

- 1 -

Christian M. Lown (collectively, "Defendants"); and together with Plaintiffs, the "Parties"), by and through their respective counsel in the above-captioned consolidated class action. The Stipulation is intended to fully, finally, and forever compromise, resolve, discharge, settle, and dismiss with prejudice the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.  THE LITIGATION

The Litigation is pending before the Honorable Robert B. Kugler in the United States District Court for the District of New Jersey (the "Court"). The initial complaint in this action was filed on October 16, 2017, styled *Pope v. Navient Corporation, et al.*, No. 1:17-cv-08373-RBK-AMD (D.N.J.). ECF No. 1. A second complaint was filed on November 3, 2017, styled *Gross v. Navient Corporation, et al.*, No. 1:17-cv-11014-RBK-AMD (D.N.J.).

On February 2, 2018, the Court granted Plaintiffs' motion and consolidated the *Pope* and *Gross* actions under and into the above-caption.  The Court also appointed Jesse Wayne Pritchard as the Lead Plaintiff and Levi & Korsinsky, LLP as the Lead Counsel. ECF Nos. 10,11.

On April 3, 2018, Plaintiffs filed their Amended Consolidated Complaint for Violation of the Federal Securities Laws. ECF No. 17.

On June 4, 2018, Defendants moved to dismiss Plaintiffs' Amended Consolidated Complaint for Violation of the Federal Securities Laws. ECF No. 24.

On January 18, 2019, after completing briefing on Defendants' motion to dismiss but while the motion was still *sub judice*, Plaintiffs moved for leave to amend their complaint after obtaining additional information believed to be relevant and important to their claims against Defendants. ECF No. 29.

On March 11, 2019, the Court granted Plaintiffs' motion for leave to amend after receiving full briefing on the motion. ECF No. 32.

On March 18, 2019, Plaintiffs filed the operative complaint in the Litigation, styled as the Second Amended Consolidated Complaint for Violations of the Federal Securities Law ("Complaint"). ECF No. 33.

On April 29, 2019, Defendants moved to dismiss the Complaint. ECF No. 36.

On December 30, 2019, the Court denied Defendants' motion to dismiss after receiving full briefing on the motion. ECF Nos. 40, 41.

On January 13, 2020, Defendants filed their answer to the Complaint. ECF No. 42.

On February 11, 2020, the Court held an initial scheduling conference. ECF No. 53. The Court held a subsequent scheduling conference on March 23, 2020, at which time the Court set a schedule for class certification proceedings. ECF Nos. 59, 60.

Beginning on March 13, 2020, the Parties served initial discovery requests, including initial disclosures, requests for production of documents, interrogatories, and requests for admission, and conducted numerous meet and confer discussions to determine the scope of document discovery.

On August 21, 2020, Plaintiffs moved for class certification in accordance with the deadline set at the March 23, 2020 scheduling conference. ECF No. 70.

On February 10, 2021, the Court held another scheduling conference at which time it set deadlines for expert discovery and dispositive motions. ECF No. 96.

On March 11, 2021, the Court granted Plaintiffs' motion for class certification and certified Jesse Wayne Pritchard as the Class Representative and Levi & Korsinsky, LLP as Class Counsel. ECF Nos. 106, 107.

Fact discovery ultimately concluded on January 29, 2021, with the exception of two fact witness depositions which took place the following week. Expert reports were submitted April 15, 2021, and rebuttal reports were submitted on May 17, 2021. Expert discovery closed on June 16, 2021.

On July 30, 2021, Plaintiffs and Defendants cross-moved for summary judgment. ECF No. 111, 117. Defendants also filed motions to exclude Plaintiffs' experts. ECF Nos. 112, 113, 114.

On September 8, 2021, while Plaintiffs' and Defendants' motions for summary judgment and exclusion of experts were pending, the Settling Parties

(defined below) engaged in a private mediation session before two highly experienced, neutral mediators—the Hon. Daniel Weinstein (ret.) and former Ambassador David Carden.  In advance of the mediation, both sides submitted briefs outlining their respective analyses of the claims and defenses in the Litigation, and collectively submitted evidence in support of their respective positions.

On September 17, 2021, Plaintiffs and Defendants, by and through their respective counsel, executed a confidential term sheet agreeing to settle this Litigation subject to approval by the Court. This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement between the Settling Parties.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, each and all of the claims and allegations of wrongdoing made by Plaintiffs in the Litigation and further maintain that they have meritorious defenses. Defendants expressly have denied, and continue to deny, all charges of wrongdoing or liability against them arising out of the conduct, statements, acts or omissions alleged, or that could have been alleged in the Litigation. Defendants also have denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall in any event be construed or deemed to be evidence of or constitute

an admission, concession, or finding of any fault, liability, wrongdoing, or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.   PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that evidence could be obtained through discovery to support their claims. However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and any appeals. Plaintiffs and their counsel also have taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiffs and their counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, Plaintiffs and their counsel have determined that the Settlement set forth in this Stipulation is in the best interests of the Settlement Class.

## IV.   TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

Based upon their investigation, prosecution, and mediation of the case, the Class Representative and Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to the Settlement Class Representative and the other members of the Settlement Class, and in their best interests.   Based on the Class Representative's direct oversight of the prosecution of this matter and with the advice of his counsel, the Class Representative has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that the Class Representative and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and the Settlement Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with

prejudice, and without costs, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

### 1.    Definitions

As used in this Stipulation the following terms have the meanings specified below.  In the event of any inconsistency between any definitions set forth below and any definition set forth in any other document related to the settlement set forth in this Stipulation, the definitions set forth below shall control.

1.1    "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2    "Claims Administrator" means the firm of A.B. Data, Ltd.

1.3    "Class Period" means the period from January 18, 2017 to November 20, 2018.

1.4    "Defendants" means Navient, John F. Remondi, Somsak Chivavibul, and Christian M. Lown.

1.5    "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.6    "Escrow Agent" means Signature Bank.

1.7    "Final" means, with respect to any order of the Court, including, without limitation, the Final Order and Judgment, that such order represents a final and binding determination of all issues within its scope and has not been reversed,

vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  Without limitation, an order becomes Final when: (a) either no appeal has been filed and the time has passed for any notice of appeal to be timely filed; or (b) an appeal has been filed and either (i) the court of appeals has affirmed the judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has affirmed the underlying judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement. Any appeal or other proceeding pertaining to any order concerning the issue of attorneys' fees and expenses, the Plan of Allocation of the Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims shall not in any way delay or preclude the Final Order and Judgment from becoming Final.

1.8    "Final Order" means the Order Approving the Settlement and Order of Dismissal with Prejudice, substantially in the form attached hereto as Exhibit B.

1.9   "Individual Defendants" means John F. Remondi, Somsak Chivavibul, and Christian M. Lown.

1.10   "Judgment" means the Order and Final Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.11   "Lead Counsel" means the law firm of Levi & Korsinsky, LLP.

1.12   "Litigation" means the action captioned *In re Navient Corporation Securities Litigation*, No. 1:17-cv-08373-RBK-AMD (D.N.J.).

1.13   "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court less: (i) any Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions.

1.14   "Officer" means any officer as that term is defined in the Securities Exchange Act of 1934 Rule 16a-1(f).

1.15   "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business, legal or other entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.16 "Plaintiffs" means Jesse Wayne Pritchard, individually and on behalf of the Settlement Class.

1.17 "Plaintiffs' Counsel" means any attorney or firm who has appeared in the Litigation on behalf of Plaintiffs.

1.18 "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of this Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.19 "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2, that a Settlement Class Member must complete and submit should that Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

1.20 "Related Parties" means each Defendant's respective past, present or future parents, subsidiaries, joint ventures, and joint venturers, divisions and affiliates and their respective present and former employees, members, partnerships and partners, principals, officers, directors, controlling shareholders, attorneys, advisors, financial advisors, investment banks, underwriters, accountants, auditors, and insurers and reinsurers; any entity in which a Defendant has a controlling

interest; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

1.21   "Released Claims" means Released Defendants' Claims and Released Plaintiffs' Claims (defined below).

1.22   "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, asserted or unasserted, whether arising under federal, state, common or foreign law arising from the institution, prosecution, or settlement of the claims against Defendants, except claims to enforce the Settlement.

1.23   "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, asserted or unasserted, whether arising under federal, state, common or foreign law, whether class or individual in nature, arising from (i) the purchase, acquisition or trading of Navient common stock during the Class Period (between January 18, 2017 and November 20, 2018); and (ii) the allegations, acts, facts, transactions, events, matters, occurrences, statements or omissions that were or could have been alleged by Plaintiff and all other members of the class in the Action.

1.24   "Released Persons" means each and all of the Defendants and their Related Parties.

1.25   "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.26   "Settlement Amount" means Seven Million Five Hundred Thousand Dollars ($7,500,000.00) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶ 2.1 of this Stipulation.

1.27   "Settlement Class" or "Class" means all Persons (defined below) who purchased or otherwise acquired Navient common stock during the Class Period. Excluded from the Settlement Class are Defendants, current and former officers and directors of Navient Corporation, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any persons or entities who exclude themselves from the Settlement Class by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.

1.28   "Settlement Class Member" or "Member of the Class" means a Person who falls within the definition of the Settlement Class as set forth in ¶ 1.27 above.

1.29   "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.30    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.31    "Settling Parties" means, collectively, Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

1.32    "Unknown Claims" means any and all Released Claims which Plaintiffs, Plaintiffs' Counsel, or any Settlement Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision(s) with respect to the Settlement.  Unknown Claims include those Released Claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished the provisions, rights, and benefits conferred by or under California Civil Code § 1542, or any other law of the United States or any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to § 1542, which provides:

EXECUTION

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Plaintiffs acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but the Plaintiffs shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## 2.    The Settlement

### a.    The Settlement Fund

2.1    As consideration for the full settlement of the Released Plaintiffs' Claims against Defendants and in consideration of the releases in ¶¶ 1.22 and 1.23 above, all of which the Parties agree are good and valuable consideration, the Settlement Amount shall be deposited by or on behalf of Defendants into an interest-bearing escrow account ("Escrow Account") controlled by the Escrow Agent on or before thirty (30) calendar days after the later of: (i) the entry of the Preliminary Approval Order, as defined in ¶3.1 herein, and (ii) the receipt by Defendants of all information necessary to effectuate a transfer of funds, including, the bank name and ABA routing number, account name and number, and a signed W-9 reflecting the taxpayer identification number for the Settlement Fund.

2.2    If the entire Settlement Amount is not timely deposited into the Escrow Account, Lead Counsel may terminate the Settlement but only if: (i) Lead Counsel has notified Defendants' counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Account within five (5) business days after Lead Counsel has provided such written notice.

2.3    Other than the obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund set forth in ¶ 2.1 herein, Defendants shall have no

obligation to make any other payment into the Settlement Fund pursuant to this Stipulation, and shall have no responsibility, obligation, or liability with respect to the Escrow Account or the monies maintained in the Escrow Account or the administration of the Settlement, including, without limitation, any responsibility or liability related to any fees, taxes, investment decisions, maintenance, supervision or distribution of any portion of the Settlement Amount.

### b.    The Escrow Agent

2.4    The Settlement Fund shall be used to pay: (a) the members of the Settlement Class pursuant to the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in Section 5 below.

2.5    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶ 2.1 hereof in short term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to

the investment of the Settlement Fund shall be borne by the Settlement Fund, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.6     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' counsel.

2.7     Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation. The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.9     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may use up to Two Hundred Thousand Dollars ($200,000.00) from the Settlement Fund, without further approval and/or order of

the Court, for reasonable costs and expenses actually incurred in connection with providing notice of the Settlement to the Class, locating Settlement Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim and Release forms, administering the Settlement, and paying escrow fees and costs, if any ("Notice and Administration Expenses"). After the Effective Date, all such Notice and Administration Expenses shall be paid from the Settlement Fund subject to prior approval of the Court. The Released Persons shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.

### c.   Taxes

2.10   (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1). In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.10, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements

contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. § 1.468B-2(k)(3)) shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the elections described in ¶ 2.10(a) hereof) shall be consistent with this ¶ 2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.10(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (ii) expenses and costs incurred in connection

with the operation and implementation of this ¶ 2.10 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 2.10) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.10.

### d.      Termination of Settlement

2.11    In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or materially altered following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund (including accrued interest) less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶ 2.9 and 2.10 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from SITO's counsel in accordance with ¶ 7.4 herein.

### 3.      Preliminary Approval Order and Settlement Hearing

3.1    Within ten (10) calendar days after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order  (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation and approval for publication of a settlement notice (the "Notice") and summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto, and the mailing of a postcard notice (the "Postcard Notice"), substantially in the form of Exhibit A-4 attached hereto. The Notice shall include the general terms of the Settlement set

forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶ 6.1 hereof, and the date of the Settlement Hearing as defined below.

3.2    Navient shall provide to Lead Counsel or the Claims Administrator certain transfer records reflecting ownership or acquisition of Navient common stock within five (5) business days of the date of entry of the Preliminary Approval Order. It shall be solely Lead Counsel's responsibility to disseminate the Postcard Notice and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court. Settlement Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

3.3    Lead Counsel shall request that, after notice is given and not earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State officials are provided with notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq.* ("CAFA") as set forth in ¶ 3.4 below, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein.

3.4    At the Settlement Hearing, the Settling Parties shall jointly request entry of the Final Order and Judgment, in the form attached hereto as Exhibit B:

(a)     finally approving the settlement as fair, reasonable and adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing consummation pursuant to its terms;

(b)     directing that the Litigation be dismissed without costs and expenses, except as set forth in this Stipulation, and with prejudice, and releasing the Released Claims;

(c)     permanently barring and enjoining the institution and prosecution, by Lead Plaintiff and/or the Settlement Class Members, of any other action against the Released Persons in any court asserting the Released Claims;

(d)     reserving jurisdiction over the Litigation, including all future proceedings concerning the administration, consummation, and enforcement of this Stipulation;

(e)     finding that the Litigation was prosecuted and defended on a good faith basis in accordance with the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 11 of the Federal Rules of Civil Procedure;

(f)     finding, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delaying and directing entry of a final judgment; and

(g)     containing such other and further provisions consistent with the terms of this Stipulation to which the Settling Parties expressly consent in writing.

3.5     At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

3.6     Defendants shall no later than ten (10) calendar days following the filing of this Stipulation with the Court serve upon the appropriate State official of each State in which a Settlement Class Member resides and the Attorney General of the United States a notice of the proposed Settlement in compliance with the requirements of CAFA. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.

## 4.     Releases

4.1     Upon the Effective Date, as defined in ¶ 1.7 hereof, Plaintiffs and Defendants, for themselves and for any Person claiming now or in the future through or on behalf of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged and dismissed each and every one of the Released Claims, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form, and whether or not such Settlement Class Member shares or seeks to share in the Settlement Fund.

4.2     Any Proof of Claim and Release that is executed by Settlement Class Members shall release all Released Plaintiffs' Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, Plaintiffs, all Settlement Class Members and anyone claiming now or in the future through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Plaintiffs' Claims against any of the Released Persons.

4.4     Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each of the Settlement Class Members, and Lead Counsel from the Released Defendants' Claims.

**5.      Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator.

5.2     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants

pursuant to the Plan of Allocation.  Other than Navient's obligation to provide certain records as provided in ¶ 3.2 above, none of the Defendants shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any Person or entity, including, but not limited to, the Class Representative, any other Settlement Class Members or Class Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

5.3     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Class Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort.  Class Counsel shall also cause the Claims Administrator to: (a) post downloadable copies of the Notice and Proof of Claim and Release Form online at a website maintained for the purpose of providing information to the Settlement Class; and (b) have the Summary Notice and Postcard Notice published and mailed, respectively, in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

EXECUTION

5.4    Defendants will take no position with respect to the Plan of Allocation. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. The Class Representative and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

5.5    Any Settlement Class Member who does not timely submit a valid Proof of Claim and Release Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Litigation and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

- 28 -

5.6     The Settlement Fund shall be applied as follows:

(a)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses;

(c)     to pay attorneys' fees and expenses of Plaintiffs' Counsel and reimbursement of Plaintiffs' expenses (the "Fee and Expense Award"), if and to the extent allowed by the Court; and

(d)     to distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

5.7     After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

5.8     Within one hundred-twenty (120) days after the mailing of the Postcard Notice or such other time as may be set by the Court, each Person claiming to be an

Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release form, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release form.

5.9    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim and Release form within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Persons concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Plaintiffs, their counsel, the Claims Administrator or any Settlement Class Member by reason of the exercise or non-exercise of such discretion.

5.10   Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation,

the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to ¶ 5.12below.

5.11   Proof of Claim and Release forms that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted. The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶ 5.12 below.

5.12   If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶ 5.3 above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise

resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

5.13   Each claimant who declines to be excluded from the Settlement Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim. In connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Litigation or the Settlement.

5.14   The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. Any such Plan of Allocation is not part of this Stipulation. No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until the Effective Date. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economical fashion. Any

*de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest selected by Lead Counsel and approved by the Court.

5.15   Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund or Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claim of any kind against the Defendants, their Related Parties, or counsel for Defendants with respect to the matters set forth in ¶¶ 5.1-5.18 hereof; and the Settlement Class Members, Plaintiffs, and Lead Counsel hereby fully, finally and forever release the Defendants and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.16   No Person shall have any claim against Defendants or their Related Parties, Defendants' counsel, Plaintiffs, Plaintiffs' Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this

Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.17   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation. The time to appeal from approval of the settlement shall commence upon the Court's entry of the Judgment regardless of whether a Plan of Allocation has been approved.

5.18   All Persons who fall within the definition of Settlement Class Members (who do not exclude themselves) shall be subject to and bound by the provisions of this Stipulation, the releases contained herein, the Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or Net Settlement Fund.

EXECUTION

**6.      Lead Counsel's Attorneys' Fees and Expenses**

6.1      Lead Counsel may submit an application or applications (the "Fee and Expense Application") from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses incurred in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2      Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Lead Counsel may thereafter allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3      In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review,

and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including their partners and/or shareholders, and such other Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Plaintiffs who have received any portion of the Fee and Expense Award shall, within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination. Any refunds required pursuant to ¶ 6.3 shall be the several obligation of Lead Counsel, including their partners and/or shareholders, Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Plaintiffs that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund. Each such Lead Counsel, Plaintiffs' Counsel, or Plaintiffs receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) are severally liable for the full amount of all fees, expenses, and costs paid from the Settlement Fund. Without limitation, Lead Counsel, Plaintiffs' Counsel, and Plaintiffs and their partners, shareholders, and/or members agree that

the Court may, upon application of Defendants and notice to Lead Counsel and Plaintiffs' Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firms or their partners, shareholders, or members fail to timely repay fees and expenses pursuant to this paragraph.

6.4    The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiffs' Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein.

6.5    Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund. Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Plaintiffs' Counsel, or any other counsel or Person who receives payment from the Net Settlement Fund.

6.6     Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation, and the Defendants and their related parties take no position with regard to such matters.

6.7     The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Settlement Class Member, whether or not paid from the Escrow Account.

## 7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

7.1     The Effective Date of the Settlement shall be the date when all of the following shall have occurred and is conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, as required by ¶ 3.1 hereof;

(b)     the Settlement Amount has been deposited into the Escrow Account;

(c)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶ 7.3 hereof;

EXECUTION

(d)     The Court has approved the settlement described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(e)     the Court has entered the Final Order and Judgment, substantially in the form of Exhibit B attached hereto, and

(f)     the Final Order and Judgment has become Final, as defined in ¶ 1.9 hereof.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶ 7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶ 7.4 and 7.5 hereof unless Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with the Settlement.

7.3     Defendants shall have the right to terminate the Settlement and render it null and void in the event that Settlement Class Members who purchased or otherwise acquired more than a certain percentage of Navient common stock subject to this Settlement exclude themselves from the Settlement Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Plaintiffs and Defendants, by and through their counsel. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its

terms shall not be disclosed in any other manner (other than the statements herein, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless and until the Court otherwise directs or a dispute arises between the Settling Parties concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal.

7.4    In the event the Effective Date does not occur or this Stipulation shall terminate, or be canceled, or otherwise fail to become effective for any reason, including, without limitation, in the event that the settlement as described herein is not approved by the Court or the Final Order or Judgment is reversed or vacated following any appeal taken therefrom, then:

(a)    within ten (10) business days after written notification of such event is sent by counsel for the Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest) and all payments disbursed, less reasonable expenses which have been properly disbursed pursuant to Section 2 hereof, or are determined to be properly chargeable to the Settlement Fund, up to the amount provided in ¶ 2.8 or such additional amounts consented by Defendants as provided therein, shall be refunded, reimbursed, and repaid by the Escrow Agent pursuant to written instructions by Defendants' counsel.  If such amounts are not

timely paid by the Escrow Agent, then interest shall accrue at the rate of 5% per annum, until such amounts are paid;

(b)     the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' counsel;

(c)     the Settling Parties shall be restored to their respective positions in the Litigation as of September 17, 2021;

(d)     the terms and provisions of the Stipulation, with the exception of ¶¶ 2.5-2.8, 2.10, 6.7, and 8.3-8.19 hereof, shall have no further force and effect with respect to the Settling Parties, and neither the existence nor the terms of this Stipulation (nor any negotiations preceding this Stipulation nor any acts performed pursuant to, or in furtherance of, this Stipulation) shall be used in this Litigation or in any other proceeding for any purpose (other than to enforce the terms remaining in effect); and

(e)     any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and

interest awarded by the Court to any of Plaintiffs' counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.5     If the Court does not enter the Final Order and Judgment in the form of Exhibit B hereto, or if the Court enters the Final Order and Judgment and appellate review is sought and, on such review, the Final Order or Judgment is vacated, modified, or reversed, then this Stipulation and the settlement incorporated herein shall be cancelled and terminated, unless all parties who are adversely affected thereby, in their sole discretion within thirty days from the date of the mailing of such ruling to such parties, provide written notice to all other parties hereto of their intent to proceed with the settlement under the terms of the Final Order and Judgment as modified by the Court or on appeal.  Such notice may be provided on behalf of Lead Plaintiff and the Settlement Class Members by Lead Counsel.  No Settling Party shall have any obligation whatsoever to proceed under any terms other than in the form provided and agreed to herein; provided, however, that no order of the Court concerning any fee and expense application, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or termination of this Stipulation by any Settling Party.

## 8.     Miscellaneous Provisions

8.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably

necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

8.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises all claims that were or are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3     Neither the Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, any allegation made in the

Litigation, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed or used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Neither this Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the settlement shall be admissible in any proceeding for any purpose except that Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.5    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

EXECUTION

8.6    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7    This Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties. No representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than or different from the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.

8.8    Except as otherwise provided herein, each party shall bear his, her, or its own fees and costs.

8.9    Lead Counsel, on behalf of the Settlement Class, represents that it is expressly authorized by Plaintiffs to take all appropriate action required or permitted

to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which they deem appropriate.

8.10   Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.11   This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or in .pdf form via e-mail shall be deemed originals.

8.12   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

   *If to Plaintiffs or to Lead Counsel:*

      LEVI & KORINSKY, LLP
      Nicholas I. Porritt
      1101 30th Street NW, Suite 115
      Washington, DC 20007

EXECUTION

*If to Defendants' or Defendants' Counsel:*

LATHAM & WATKINS LLP
Christopher S. Turner
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304

8.13   This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties, including any corporation or other entity into or with which any party merges, consolidates, or reorganizes.

8.14   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

8.15   The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

8.16   Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

8.17   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of

EXECUTION

New Jersey, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of New Jersey without giving effect to its choice-of-law principles.

8.18   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

8.19   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated November 16, 2021.

Nicholas I. Porritt
Adam M. Apton
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, New York 10006
Tel: (212) 363-7500
Fax: (212) 363-7171

*Attorneys for Plaintiffs and*
*Class Counsel for the Class*

EXECUTION

_____

Peter A. Wald
Christopher Turner
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Fax: (415) 395-8095

*Attorneys for Defendants Navient*
*Corporation, John F. Remondi,*
*Somsak Chivavibul, and Christian M.*
*Lown*

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

In re NAVIENT CORPORATION
SECURITIES LITIGATION

Master File No. 17-8373 (RBK/AMD)

**[PROPOSED] ORDER GRANTING**
**PRELIMINARY APPROVAL OF**
**SETTLEMENT**

---

**WHEREAS**, a consolidated class action is pending before the Court entitled *In re Navient Corporation Securities Litigation*, Case No. 1:17-CV-08373-RBK-AMD;

**WHEREAS**, (a) Class Representative Jesse Wayne Pritchard, individually and on behalf of the Settlement Class, and (b) defendants Navient Corporation ("Navient"), John F. Remondi, Christian M. Lown, and Somsak Chivavibul (collectively, "Defendants"; and together with the Class Representative, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated November 16, 2021 (the "Stipulation") subject to the approval of this Court (the "Settlement");

**WHEREAS**, the Court having reviewed and considered Plaintiff's unopposed Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class (the "Motion"); as well as all papers submitted in support thereof; the proposed Settlement as set forth in the Stipulation, which, together with the Exhibits annexed thereto, sets forth the terms and conditions of a proposed settlement of the above-captioned Litigation, dismissing the Defendants with prejudice upon the terms and conditions set forth therein; a copy of which has been submitted with the Motion and the terms of which are incorporated herewith; and all other prior proceedings in this Litigation; and good cause for this Order having been shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.     The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2.     This Court has jurisdiction over the subject matter of this Litigation and over all parties to this Litigation, including Settlement Class Members.

3.     The Court preliminarily approves the Settlement and the proposed Plan of Allocation described in the Notice as fair, reasonable and adequate as to all Settlement Class Members, pending a final settlement and fairness hearing (the

"Settlement Hearing").  The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Lead Plaintiff or segments of the Settlement Class; and (v) warranting notice of the proposed Settlement at the Settlement Hearing described below.

4.     The Court approves the appointment of Signature Bank as the Escrow Agent to manage the Escrow Account for the benefit of the Settlement Class.

5.     The Court approves the appointment of A.B. Data, Ltd. as the Claims Administrator to supervise and administer the notice procedure and the processing of claims.

6.     The Court orders the stay of any pending litigation and enjoins the initiation of any new litigation by any Settlement Class Member in any court, arbitration, or other tribunal that includes any Released Claims against the Released Parties.

7.     The Court hereby approves, as to form and content, the proposed Notice and Postcard Notice, substantially in the forms annexed hereto as Exhibits A-1 and A-4, and directs that as soon as practicable after entry of this Order, but no later than fourteen (14) days after entry of this Order granting preliminary approval, that the

Settlement Administrator publish the Notice on a website to be maintained by the Claims Administrator and provide the Postcard Notice to each known Settlement Class Member via first class U.S. mail, postage pre-paid. Navient shall cooperate in the identification of Settlement Class Members by producing reasonably available information from its shareholder transfer records or transfer agent. The Claims Administrator shall file with the Court proof of mailing of the Notice seven (7) days prior to the Settlement Hearing.

8.     Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired Navient common stock for the beneficial interest of other persons during the Settlement Class Period are directed to, within ten (10) days after receipt of the Notice: either (a) send the Notice and the Proof of Claim form to all beneficial owners of Navient common stock purchased or otherwise acquired during the Class Period; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.15 per name and address provided to the Claims Administrator and up to $0.15 per Notice actually mailed, plus postage at the rate used by the Claims Administrator. The Claims Administrator shall provide the Notice to each Settlement Class Member identified through point (b) of this Paragraph via first class U.S. mail, postage pre-paid, no

later than sixty (60) days prior to the Settlement Hearing.

9.      The cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Stipulation.

10.      The Court hereby approves, as to form and content, the proposed form Publication Notice, substantially in the form annexed hereto as Exhibit A-3, and directs that within twenty-one (21) days after entry of this Order granting preliminary approval the Claims Administrator shall cause such Publication Notice to be published on a national business newswire.  The Claims Administrator shall file with the Court proof of publication of the Publication Notice seven (7) days prior to the Settlement Hearing.

11.      The Court approves the proposed Proof of Claim substantially in the form of Exhibit A-2 hereto.

12.      The Court orders that the Notices, Proof of Claim form, Stipulation of Settlement and all papers submitted in support thereof be posted to a website to be maintained by the Claims Administrator.

13.      This Court preliminarily finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, contemplated by the Stipulation and this Order:

        (a)   Constitute the best practicable notice to Settlement Class Members under the circumstances of this Action;

5

(b)    Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c)    Are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)    Fully satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

14.    Settlement Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained in the Notice.  Unless the Court orders otherwise, all Proof of Claim and Release forms must be submitted no later than one hundred twenty

(120) days after entry of this Order.

15.     Any Settlement Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

16.     Any person falling within the definition of the Settlement Class may seek to be excluded from the Settlement Class by submitting to the Settlement Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than twenty-eight (28) days prior to the Settlement Hearing.  Any Request for Exclusion that does not supply the information required by this Paragraph 16 shall be rejected, and any such Settlement Class Member shall be bound by the Stipulation and any judgment entered in connection therewith.

17.     All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Settlement Class Member may submit a written revocation

of a Request for Exclusion up until seven (7) days prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim prior to the Settlement Hearing (the "Bar Date").

18.     Unless otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins the Class Representative, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Related Parties.

19.     The Settlement Hearing shall take place before the undersigned, United States District Judge Robert B. Kugler in Courtroom 4D at the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, New Jersey 08101, on _____, 2022, at ____:__.m., to determine:

(a)     Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

(b)     Whether the Litigation should be dismissed on the merits and with prejudice as to the Defendants;

(c)    Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Litigation;

(d)    Whether the application for attorneys' fees and expenses to be submitted by Lead Counsel should be approved;

(e)    Whether the Plan of Allocation is fair and reasonable to the members of the Settlement Class;

(f)    Whether the application for a Compensatory Award to be submitted on behalf of Lead Plaintiff and Class Representative Jesse Wayne Pritchard should be approved; and

(g)    Such other matters as the Court may deem necessary or appropriate.

20.    The Court may finally approve the Stipulation at or after the Settlement Hearing with any modifications agreed to by the parties and without further notice to the Settlement Class Members.

21.    Lead Counsel and/or Defendants' Counsel shall submit papers in support of the Settlement, Plan of Allocation and Award of Attorney Fees and Expenses, and Lead Plaintiff's Compensatory Awards no later than thirty-five (35) days prior to the Settlement Hearing.

22.    Any Settlement Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent

9

allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing; provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than twenty-eight (28) days before the Settlement Hearing, such person files with the Court a statement of objection setting forth: (i) whether the person is a Settlement Class Member; (ii) to which part of the Stipulation the Settlement Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Settlement Class Member wishes to bring to the Court's attention. Such Settlement Class Member shall also provide documentation sufficient to establish the amount of Navient Corporation common stock purchased, acquired and sold from January 18, 2017 through November 20, 2018 (including the number of shares, dates, and prices). Failure to provide such information and documentation shall be grounds to void the objection.

23.    All papers in response to objections or otherwise in support of the Settlement and related matters shall be filed fourteen (14) days prior to the Settlement Hearing.

24.    Defendants shall have no responsibility for the Plan of Allocation or any Fee and Expense Application, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Stipulation.

25.    At or after the Settlement Hearing, the Court shall determine whether

the Plan of Allocation and any Fee and Expense Application proposed by Lead Counsel should be approved.

26.   All reasonable expenses incurred in identifying and notifying Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. The Court may adjourn the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Settlement Hearing or any adjournment thereof.  The contents of the Settlement Fund held by Signature Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

27.   If the Settlement is approved, all Settlement Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Settlement Class Member submits a Proof of Claim.  Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of,

related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Action.

28.    Upon payment of the Settlement consideration to the Escrow Account by Defendants, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to Defendants pursuant to the Stipulation and/or further order of this Court.  There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally approved.

29.    Except for the obligation to cooperate in the production of reasonably available information with respect to the identification of Class Members from Navient's shareholder transfer records, in no event shall Defendants have any responsibility for the administration of the Settlement, and Defendants shall not have any obligation or liability to Plaintiffs in connection with such administration.

30.    No Person shall have any claim against the Released Parties, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct.  No person shall have any claim under any circumstances against the Released Parties, based on

any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

31.     The Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Litigation, and the Defendants have represented that they entered into the Settlement solely to eliminate the burden, expense, and uncertainties of further litigation.

32.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

33.     The Released Parties, and each of their counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction of any other theory of claim preclusion or issues preclusion or similar defense or counterclaim.

34.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall

be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

35.    The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Settlement Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth above, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.


**SO ORDERED** in the District of New Jersey on _____, 2021


_____
THE HON. ROBERT B. KUGLER
UNITED STATES DISTRICT JUDGE

EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re NAVIENT CORPORATION SECURITIES LITIGATION | Master File No. 17-8373 (RBK/AMD) **NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION** |

**TO:   ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED NAVIENT CORPORATION COMMON STOCK BETWEEN JANUARY 18, 2017 AND NOVEMBER 20, 2018.**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.   TO CLAIM YOUR SHARE OF THE PROCEEDS OF THE SETTLEMENTS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____.**

A federal court authorized this Notice.  This is not a solicitation from a lawyer.

**Shares and Time Period:** Navient Corporation (NAVI) ("Navient") common stock (CUSIP: _____) purchased/acquired between January 18, 2017 and November 20, 2018 (the "Class Period").

**Settlement Fund:** $7,500,000.00 in cash.  Your recovery will depend on the amount of shares purchased and the timing of your purchases and any sales.  Depending on the number of eligible shares that participate in the settlement and when those shares were purchased and sold, Plaintiffs estimate the average cash recovery per share of common stock will be approximately $0.056 per share (assuming claims representing shares are filed) before deduction of court-approved fees and expenses.

**Reasons for Settlement:**  Avoids the costs and risks associated with continued litigation, including the danger of no recovery for Class Members.

**If the Class Action Had Not Settled:**  Continuing with the case could have resulted in dismissal or loss at trial.  The two sides do not agree on the amount of money that could have been won if Plaintiffs prevailed at trial. The parties disagree about: (1) the method for determining whether the price of Navient common stock was artificially inflated during the relevant period; (2) the amount of any such inflation; (3) the extent that various statements and/or omissions alleged by Plaintiffs were materially false or misleading; (4) the extent that various statements and/or omissions alleged by Plaintiffs influenced the trading price of Navient common stock during the Class Period; and (5) whether the statements and/or omissions

alleged were material, false, misleading, or otherwise actionable under the securities laws.

**Attorneys' Fees and Expenses:**  Plaintiffs are represented by Lead Counsel. Lead Counsel has not received any payment for their work investigating the facts, conducting this litigation or negotiating the settlement on behalf of Plaintiffs and the Settlement Class.  Court-appointed Lead Counsel will ask the Court for an award of attorneys' fees equal to or less than $2,500,000 which amounts to one-third of the Settlement Fund and reimbursement of out-of-pocket litigation expenses not to exceed $1,000,000 to be paid from the Settlement Fund.  If the above amounts are requested and approved by the Court, the average cost per share of common stock will be $0.026.

**Deadlines:**

Submit Claim:        _____, 2022
Request Exclusion:   _____, 2022
File Objection:      _____, 2022

**Court Hearing on Fairness of Settlement:**  _____, 2022

**More Information:**  www._____.com  or

**Claims Administrator:**
A.B. Data, Ltd.

_____

_____

_____

**Lead Counsel:**
Nicholas I. Porritt, Esq.
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, New York 10006

nporritt@zlk.com

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION SETTLEMENT:**

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants relating to the legal claims in this case. |
| **OBJECT** | You may write to the Court if you do not like this Settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment |

These rights and options – ***and the deadlines to exercise them*** – are explained in this Notice.

The Court in charge of this case must decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

**1.    Why Did I Get This Notice Package?**

4

You or someone in your family may have purchased or acquired the publicly traded shares of Navient common stock listed above between January 18, 2017 and November 20, 2018.

The Court ordered that this Notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of New Jersey, and the case is known as *In re Navient Corporation Securities Litigation*, Case No. 1:17-CV-08373-RBK-AMD.  The person who sued is called the Plaintiff or Plaintiffs, and the company and individuals sued are called Defendants.  Defendants have agreed to settle the claims made in this case.

**2.     What is this Lawsuit About?**

Plaintiffs filed this lawsuit alleging that Defendants acted with scienter when making false and materially misleading statements and omissions about Navient's loan servicing practices, including but not limited to improperly steering borrowers

into forbearance status in violation of various consumer protection regulations and industry standards.  Plaintiffs allege that false and materially misleading statements and omissions induced Plaintiff and other similarly situated shareholders to purchase shares of Navient common stock at artificially inflated prices. Plaintiffs further allege that when the truth concerning Navient's loan servicing practices was revealed, the value of Navient common stock declined and, as a result, Plaintiff and other members of the Settlement Class suffered substantial damages.  Defendants have denied, and continue to deny, each and all of the claims and allegations of wrongdoing made by Plaintiffs in this lawsuit.

### 3.    Why Is This a Class Action?

In a class action, one or more people or entities called class representatives sue on behalf of people who have similar claims.  Here, all these people are called a Class or Class Members.  One court resolves the issues for all the Class Members, except for those who exclude themselves from the Class. Judge Robert B. Kugler is in charge of this class action.

### 4.    Why Is There a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to a settlement.  That way, they avoid the cost of a litigation, and eligible Settlement Class Members who make valid claims will get compensation. Plaintiffs and their attorneys believe the settlement is best for all Settlement Class Members.

6

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Settlement Class Member.

**5.     How Do I Know if I Am A Part of the Settlement?**

The Settlement Class includes all persons or entities who purchased or otherwise acquired Navient common stock between January 18, 2017 and November 20, 2018, except those persons or entities that are excluded, as described below.

**6.     What Are the Exceptions to Being Included?**

You are not a Settlement Class Member if you are:

- One of the Defendants;

- A current or former officer or directors of Navient;

- A members of one of their immediate families and their legal representatives, heirs, successors or assigns; or

- Any entity in which Defendants have or had a controlling interest.

If you sold Navient common stock between January 18, 2017, and November 20, 2018, that alone does not make you a Settlement Class Member.  You are a Settlement Class Member only if you purchased or acquired Navient common stock, as described above.

7

**7.      I'm Still Not Sure If I Am Included in the Class Action**

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at _____, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

<strong>THE SETTLEMENT BENEFITS – WHAT YOU GET</strong>

**8.      What Does the Settlement Provide?**

Defendants have agreed to pay a total of $7,500,000.00 in cash. The Settlement Fund will be divided among all eligible Settlement Class Members who send in valid claim forms, after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing notice (the "Net Settlement Fund").

**9.      How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on several things, including, how many Settlement Class Members submit timely and valid Proof of Claim forms, the total recognized losses represented by the valid Proof of Claim forms that Settlement Class Members send in, the total number of shares of Navient common stock you purchased or acquired, how much you paid, when you purchased or acquired, and if you sold your shares and for how much.

8

By following the instructions in the Plan of Allocation, you can calculate what is called your Recognized Loss.  The Plan of Allocation for this Settlement is as follows: Each Settlement Class Member that submits a valid Claim (an "Authorized Claimant") will be assigned a Recognized Loss.   An Authorized Claimant's Recognized Loss depends upon the number of Navient shares held at certain points in time during the Class Period.  The following table provides the per-share amount of each Authorized Claimant's Recognized Loss.   These amounts represent the average amount of potential damages per share:

| | | Date Shares Sold | | |
|---|---|---|---|---|
| | | 1/18/2017-10/4/2017 | 10/5/2017-11/19/2018 | 11/20/2018-Present |
| Date Shares Purchased | 1/18/2017-10/4/2017 | $0 | $2.10 | $3.37 |
| | 10/5/2017-11/19/2018 | N/A | $0 | $1.27 |

It is unlikely that you will get a payment for all of your Recognized Loss.  After all Settlement Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses.  Your payment will be made in cash and Navient Settlement Stock.

The Plan of Allocation also includes the following provisions:

1)   An Authorized Claimant will have a Recognized Loss only in connection with damaged shares;

9

2)  There shall be no Recognized Loss attributed to any Navient securities other than Common Stock or to any shares of Common Stock purchased on a foreign exchange;

3)  The date of a purchase or sale is the "trade" date and not the "settlement" date;

4)  The last-in, first-out basis ("LIFO") will be applied to both purchases and sales when applicable;

5)  Exercise of option contracts or the conversion of preferred stock into Common Stock will be considered to be purchases or sales of Common Stock as of the date of the exercise or conversion. Your purchase or sale price will be the closing price for the stock on that day, unless otherwise stated herein;

6)  No cash payment will be made on a claim where the potential distribution amount is less than $10. Please be advised that if you did not incur a Recognized Loss as defined in the Plan of Allocation, you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Persons;

7)  No person shall have any claim against Lead Counsel or the Claims Administrator based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court. In addition, Defendants and Defendants' Counsel have no responsibility for the Plan of Allocation, the administration of the settlement, or the distribution to Settlement Class Members, and no person shall have any claim against Defendants or Defendants' Counsel based on the Plan of Allocation, the administration of the settlement, or the distribution to the Settlement Class Members; and

8)  Settlement Class Members who do not submit valid Proof of Claim forms will not share in the settlement proceeds. Settlement Class Members who do not either submit a request for exclusion or submit a valid Proof of Claim form will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Consolidated Action.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 10.   How Will I Get a Payment?

10

To qualify for payment, you must be an eligible Settlement Class Member and you must send in a claim form.  A claim form is enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____.

### 11.    When Will I Get My Payment?

The Court will hold a hearing on _____, 2022, to decide whether to approve the settlement.  If Judge Kugler approves the class action settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years.  Everyone who sends in a claim form will be informed of the determination with respect to their claim.  Please be patient.

### 12.    What Am I Giving Up to Get a Payment or Stay in the Class?

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same legal issues in this case.  It also means that all of the Court's Order will apply to you and legally bind you and you will release your claims in this case against the Defendants.  The terms of the release are included in the claim form that is enclosed.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue any of the Defendants on your own about the same legal issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

### 13. How Do I Get Out of the Settlement Class?

To exclude yourself form the Settlement Class, you must send a letter by mail stating that you want to be excluded from as *In re Navient Corporation Securities Litigation*, Case No. 1:17-CV-08373-RBK-AMD.  You must include your name, address, telephone number, signature, and the number of shares of Navient common stock you purchased or acquired between January 18, 2017, and November 20, 2018, the number of shares of Navient common stock sold during this time period, if any, and the dates, quantities, and prices of such purchases and sales.  You must mail your exclusion request postmarked no later than _____ to:

> A.B. Data, Ltd.
> _____
> _____
> _____

If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.

**14.     If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No.  Unless you exclude yourself, you give up any right to sue the Defendants for the claims resolved by the class action settlement.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember the exclusion deadline is _____.

**15.     If I Exclude Myself, Can I Get Money from This Settlement?**

No.  If you exclude yourself, do not send in a claim form.  But, you may sue, continue to sue, or be part of a different lawsuit against any of the Defendants.

## THE LAWYERS REPRESENTING YOU

**16.     Do I Have a Lawyer in This Case?**

The Court certified the law firm of Levi & Korsinsky, LLP to represent you and other Settlement Class Members. These lawyers are called Lead Counsel.  You will not be charged for the services of these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.     How Will the Lawyers Be Paid?**

Plaintiff's Counsel will ask the Court for attorneys' fees of one-third of the Settlement Fund ($2,500,000) and for reimbursement of their out-of-pocket litigation expenses up to $1,000,000 that were advanced in connection with the Litigation.  Such sums as may be approved by the Court will be paid from the

Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for the risk in undertaking this representation on a wholly contingent basis.  To date, Lead Counsel has not been paid for their services for conducting this litigation on behalf of the Lead Plaintiff and Settlement Class nor for their substantial out-of-pocket expenses.  The fees requested will compensate Lead Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than this amount.

Lead Counsel will also request an award in an amount not to exceed $15,000 for the Lead Plaintiff to reimburse him for his time and expenses serving as the representative plaintiff during this Litigation. All amounts, including expenses incurred by the Claims Administrator for disseminating notice of this settlement, will be requested before distribution of the Net Settlement Fund to Settlement Class Members.  Again, such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 18.    How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Settlement Class Member, you can object to the settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter to the Court saying that you object to the settlement in *In re Navient Corporation Securities Litigation*, Case No. 1:17-CV-08373-RBK-AMD.  Be sure to include your name, address, telephone number, signature, the Navient common stock purchased and sold between January 18, 2017 and November 20, 2018, along with the dates, quantities, and prices, and the reasons you object to the settlement.  Any objection to the settlement must be filed with the Court no later than _____.

### 19.    What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you do not like something about the settlement.  You can object ***only if*** you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

15

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

### 20.    When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a fairness hearing at _____ a.m., on _____, 2022, in Courtroom 4D at the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, New Jersey 08101.  At this hearing the Court will consider whether the settlement of the Litigation is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Kugler will listen to people who have asked to speak at the hearing.  The Court will also consider how much to pay to Lead Counsel and whether an award to the Lead Plaintiff is appropriate. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

### 21.    Do I Have to Come to the Hearing?

No.  Lead Counsel will answer questions Judge Kugler may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

16

**22.    May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *In re Navient Corporation Securities Litigation*, Case No. 1:17-CV-08373-RBK-AMD. Be sure to include your name, address, telephone number, signature, and the number of shares of Navient common stock purchased or acquired between January 18, 2017 and November 20, 2018, along with the dates, quantities, and prices.  You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

**23.    What Happens if I Do Nothing At All?**

If you do nothing, you will get no money from this Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same legal issues in this case.

## GETTING MORE INFORMATION

**24.    Are There More Details About the Settlement?**

This Notice summarizes the proposed settlement.  More details are in the Stipulation of Settlement dated November 16, 2021.  You can get a copy of the Stipulation or more information about the Settlement by visiting www. _____.com.

17

You can also contact the Claims Administrator:

A.B. Data, Ltd.

_____

_____

_____

Or Lead Counsel

Nicholas I. Porritt, Esq.
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, New York 10004
Tel.:  (212) 363-7500
Fax:  (212) 363-7171
nporritt@zlk.com

You can also obtain a copy from the Clerk's Office during regular business hours:

Clerk of Court
United States District Court
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, New Jersey 08101

## DO NOT TELEPHONE THE COURT OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE

## SPECIAL NOTICE TO NOMINEES

If you hold shares of any Navient common stock purchased between January 18, 2017 and November 20, 2018, then, within ten (10) days after you received this Notice, you must either: (1) send a copy of this Notice and Proof of Claim by first class mail to all such beneficial owners; or (2) provide a list of names and addresses of such Persons to the Claims Administrator:

A.B. Data, Ltd.

_____

_____

_____

18

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.15 per name and address provided to the Claims Administrator and up to $0.15 per Notice actually mailed, plus postage at the rate used by the Claims Administrator.

**DATED: _____, 2021**

**BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re NAVIENT CORPORATION SECURITIES LITIGATION | Master File No. 17-8373 (RBK/AMD)<br><br>**PROOF OF CLAIM AND RELEASE** |

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Settlement Class based on your claims in the action entitled *In re Navient Corporation Securities Litigation*, Case No. 1:17-CV-08373-RBK-AMD (the "Litigation"), you must complete and, on pages _____ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.[1]

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Action.

_____

[1] Unless otherwise stated, all terms used in this Proof of Claim and Release shall have the same meanings as set forth in the Stipulation of Settlement filed with the Court.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2022, ADDRESSED AS FOLLOWS:

A.B. Data, Ltd.
_____
_____
_____

4.      If you are a Class Member, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM unless you timely and validly request exclusion from the Settlement Class pursuant to the Notice.

## II.      CLAIMANT IDENTIFICATION

1.      If you purchased or acquired Navient common stock during the period between January 18, 2017, and November 20, 2018, and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is a record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Navient common stock which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS,

1

OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE NAVIENT COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.     All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them; their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.   CLAIM FORM

1.     Use Part II of this form entitled "Schedule of Transactions in Navient common stock" to supply all required details of your transaction(s).  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.     On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Navient common stock which took place at any time beginning January 18, 2017, through November 20, 2018, whether such transactions resulted in a profit or a loss.  You must also

2

provide all of the requested information with respect to all of the shares of Navient common stock you held at the close of trading on January 17, 2017, October 5, 2017, and November 20, 2018.  Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction in the Class Period separately and in chronological order by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

4.      Broker confirmations or other documentation of your transactions in Navient common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

5.      The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

*In re Navient Corporation Securities Litigation*

Case No. 1:17-CV-08373-RBK-AMD

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than

_____, 2022

Please Type or Print

PART I:        CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____        _____
City                                                      State or Province

_____        _____
Zip Code or Postal Code                         Country

_____        _____        Individual
Social Security Number or
Taxpayer Identification Number            _____        Corporation/Other

_____                    _____
Area Code                                            Telephone Number (Work)

_____                    _____
Area Code                                            Telephone Number (Home)

_____
Record Owner's Name (if different from beneficial owner listed above)

4

## PART II:   SCHEDULE OF TRANSACTIONS IN SITO MOBILE COMMON STOCK

A.   Number of shares of Navient common stock held at the close of trading on January 17, 2017: _____

B.   Purchases or acquisitions of Navient common stock between January, 18, 2017 and November 19, 2018, inclusive:

|  | Trade Date Mo. Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

C.   Sales of Navient common stock between January 18, 2017 and November 19, 2018, inclusive:

|  | Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

D.   Number of shares of Navient common stock held at the close of trading on October 5, 2017: _____

E.   Number of shares of Navient common stock held at the close of trading on November 20, 2018: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE ____.
FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

5

## IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement, dated as of November 16, 2021 ("Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey, with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases or sales of Navient common stock during the Class Period and know of no other Person having done so on my (our) behalf.

## V.   RELEASE

1.     I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge all of the Released Plaintiffs' Claims.

2.     "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, asserted or unasserted, whether arising under federal, state, common or foreign law, whether class or individual in nature, arising from (i) the purchase, acquisition or trading of

6

Navient common stock during the Class Period (between January 18, 2017 and November 20, 2018); (ii) the acts, facts, statements or omissions that were or could have been alleged by Plaintiff and all other members of the class in the Action; and (iii) alleged in any complaint filed in the Litigation.

3.      "Unknown Claims" means any and all Released Claims which Plaintiffs, Plaintiffs' Counsel, or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision(s) with respect to the Settlement.  Unknown Claims include those Released Claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished the provisions, rights, and benefits conferred by or under California Civil Code § 1542, or any other law of the United States or any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF**

7

**KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Plaintiffs acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but the Plaintiffs shall expressly settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

4.     This release shall be of no force or effect unless and until the Court approves the Settlement set forth in the Stipulation and it becomes effective on the Effective Date.

8

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Navient common stock that occurred during the Class Period as well as the number and type of Navient shares held by me (us) on January 17, 2017, October 5, 2017, and November 20, 2018.

7.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____

                                            (Month/Year)                      (City/State/Country)

_____     _____
(Sign your name here)                                    (Sign your name here)

_____     _____
(Type or print your name here)                        (Type or print your name here)

_____     _____
(Capacity of person(s) signing, *e.g.*,                (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or Administrator)     Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send originals of certificates.**
5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

# THIS PROOF OF CLAIM FORM MUST BE MAILED NO LATER THAN

# _____ , 2022 ADDRESSED AS FOLLOWS:

### A.B. Data, Ltd.

_____

_____

_____

10

EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re NAVIENT CORPORATION SECURITIES LITIGATION | Master File No. 17-8373 (RBK/AMD) |
|  | **SUMMARY NOTICE** |

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED NAVIENT CORPORATION COMMON STOCK BETWEEN JANUARY 18, 2017 AND NOVEMBER 20, 2018.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure that a hearing will be held on _____, 2022, at ___:00 _.m., before the Honorable Robert B. Kugler, United States District Judge, in Courtroom 4D at the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, New Jersey 08101, for the purpose of determining, among other things, whether the following matters should be approved: (1) the proposed Settlement of the claims in the Litigation for the sum of $7,500,000.00 in cash should be approved by the Court as fair, reasonable and adequate to the Members of the Settlement Class; (2) whether, thereafter, the Litigation should be dismissed with prejudice as set forth in the Stipulation of Settlement dated November 16, 2021 ("Stipulation"); (3) whether the Plan of Allocation is fair, reasonable and adequate and therefore should be approved; and (5) whether the application of Lead Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in connection with the Litigation and an award to the Lead Plaintiff should be approved.

If you purchased or otherwise acquired Navient common stock from January 18, 2017 through November 20, 2018, your rights may be affected by the settlement of this Litigation.  If you have not received the detailed Notice of Pendency and

Proposed Settlement of Class Action (the "Notice") and a copy of the Proof of Claim and Release Form, you may obtain them free of charge by contacting the Claims Administrator, by mail at: *In re Navient Corporation Securities Litigation*, Claims Administrator, _____.

If you are a member of the Settlement Class and wish to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim no later than _____, 2022 establishing that you are entitled to recovery.  As further described in the Notice, you will be bound by any Judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Settlement Class, in accordance with the procedures set forth in the Notice, no later than _____, 2022.  Any objections to the Settlement, Plan of Allocation or attorneys' fees and expenses must be filed and served, in accordance with the procedures set forth in the Notice, no later than _____, 2022.

Inquiries, other than requests for the Notice, may be made to Lead Counsel for the Settlement Class: Nicholas I. Porritt, Esq., Levi & Korsinsky, LLP, 55 Broadway, 10th Floor, New York, New York 10006, nporritt@zlk.com.

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

If you have any questions about the Settlement, you may contact Lead Counsel at the address listed above.

**DATED:   _____, 2021**

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**EXHIBIT A-4**

In re Navient Corporation Securities Litigation
c/o _____
[Insert]
[Insert]
[Insert]

[Postage Prepaid]

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*In re Navient Corporation Securities Litigation*
Case No. 17-8373

Name
Address
City, State
Zip

---

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT WWW._____ FOR MORE INFORMATION.*

There has been a proposed Settlement of claims against Navient Corporation ("Navient"), John F. Remondi, Somsak Chivavibul, and Christian M. Lown (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege Defendants disseminated materially false and misleading information to the investing public about Navient between January 18, 2017 and November 20, 2018 (the "Class Period") in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Navient common stock during the Class Period.

Defendants have agreed to pay a Settlement Amount of $7,500,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www._____.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Navient common stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.056 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form.** The Claim Form can be found on the website www._____ or will be mailed to you upon request to the Claims Administrator ([phone]). **Claim Forms must be submitted online or postmarked by _____.** If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by _____. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on _____, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33% of the Settlement Fund in attorneys' fees, plus actual expenses up to $1,000,000 for litigating the case and negotiating the Settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (_____) or visit the website www._____ and read the detailed Notice.

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re NAVIENT CORPORATION SECURITIES LITIGATION | Master File No. 17-8373 (RBK/AMD)<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

**WHEREAS**, a consolidated class action is pending before the Court entitled *In re Navient Corporation Securities Litigation*, Case No. 1:17-CV-08373-RBK-AMD;

**WHEREAS**, (a) Class Representative Jesse Wayne Pritchard, individually and on behalf of the Settlement Class, and (b) defendants Navient Corporation ("Navient"), John F. Remondi, Christian M. Lown, and Somsak Chivavibul (collectively, "Defendants"; and together with the Class Representative, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated [[]], 2021 (the "Stipulation") subject to the approval of this Court (the "Settlement");

**WHEREAS,** this matter came before the Court for hearing pursuant to an Order of this Court, dated _____, on the application of the Plaintiffs and the Defendants for approval of the Settlement set forth in the Stipulation of Settlement dated November 16, 2021;

(A)    Pursuant to the Preliminary Approval Order entered on _____ this Court scheduled a Settlement Hearing for _____, at _____.m., to determine, *inter alia*, whether the proposed Settlement, Plan of Allocation, and requests for Lead Counsel's fees and expenses and Lead Plaintiff's Compensatory Awards are fair, reasonable, and adequate, and should be approved by the Court (the "Settlement Hearing");

(B)    The Court has received affidavit(s) and/or declaration(s) attesting to compliance with the terms of the Preliminary Approval Order, including the mailing of the Notice and publication of the Publication Notice;

(C)    The Court has received _____ objection(s) and/or request(s) for exclusion to the proposed Settlement and Plan of Allocation from;

(D)    Due to adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having held a Settlement Hearing on _____, and the Court having considered all papers filed and proceedings in this Litigation and otherwise being fully informed of the matters

- 2 -

herein, and for the reasons stated on the record on _____ and set forth in more detail in the Court's written opinion, and good cause appearing,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1.     The provisions of the Stipulation, including definitions of the terms used therein, the Notice, the Summary Notice, and the Postcard Notice (all filed with the Court on [[]]), are hereby incorporated by reference as though fully set forth herein.  All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2.     This Court has jurisdiction over the subject matter of this Litigation and over all parties to this Litigation, including all Settlement Class Members.

3.     Plaintiffs and all Settlement Class Members (except those who requested exclusion, if any) are bound by this Order and Final Judgment (the "Judgment").

4.     The Court finds that the Class Representative and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.     This Court finds that the distribution of the Notice and the publication

- 3 -

of the Publication Notice, and the notice methodology, all of which were implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order:

(a)    Constituted the best practicable notice to Settlement Class Members under the circumstances of this Litigation;

(b)    Were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Litigation; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Litigation, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c)    Were reasonable, fair, and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)    Fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act

- 4 -

of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

6. The terms and provisions of the Stipulation were negotiated by the parties at arm's length and were entered into by the parties in good faith.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to all members of the Settlement Class, and in the best interests of the Settlement Class taking into account, *inter alia*, the benefits to the Settlement Class; the complexity, expense, and possible duration of further litigation; the risks of establishing liability and damages; and the costs of continued litigation.

8. The Settlement set forth in the Stipulation is hereby finally approved as fair, reasonable and adequate in all respects, in accordance with the terms and provisions therein, and the Plaintiffs and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the Settlement as set forth in the Stipulation.

9. The Plan of Allocation, as described in the Notice and Publication Notice, is hereby approved as fair, reasonable and adequate. Any order, proceeding, appeal, modification or change relating to the Plan of Allocation or the Fee and Expense Award shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Judgment.

10.     Upon the Effective Date, Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Judgment entered in the Litigation shall have, fully, finally, and forever released, relinquished and discharged any and all Released Plaintiffs' Claims against each and every one of the Released Persons, and shall forever be barred and enjoined, without the necessity of any of the Released Persons posting a bond, from commencing, instituting, prosecuting, or maintaining any of the Released Plaintiffs' Claims.

11.     Upon the Effective Date, Defendants, on behalf of themselves, and their heirs, executors, trustees, administrators, predecessors, successors, and assigns, for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, shall fully, finally, and forever release, relinquish, and discharge any and all Released Defendants' Claims against each and every one of Plaintiffs, and shall forever be barred and enjoined, without the necessity of any of the Plaintiffs, posting a bond, from commencing, instituting, prosecuting, or maintaining any of the Released Defendants' Claims against any of the Plaintiffs.

12.     Plaintiffs and all Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Plaintiffs' Claims against the Released Persons.

13.     In accordance with 15 U.S.C. § 78u-4(f)(7), claims for contribution arising out of any Released Plaintiffs' Claim, including, but not limited to, any

- 6 -

claims that arise out of the Litigation (i) by any Person against a Released Person, and (ii) by any Released Person against any Person other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.

14.     Any plan of allocation submitted by Lead Counsel or any other order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

15.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or similar defense or counterclaim.

- 7 -

16.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Class Action; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

17.     Without further approval from the Court, the Class Representative and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.   Without further order of the Court, the Class Representative and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.     The Court finds that during the course of the Litigation, the Plaintiffs and Defendants, and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then

- 8 -

this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20.     This Litigation is dismissed with prejudice.  The parties are to bear their own costs, except as otherwise provided in the Stipulation or this Judgment.

21.     The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment.  The Clerk is hereby directed to immediately enter this Judgment.

**SO ORDERED** in the District of New Jersey on _____, 2022.


_____
THE HON. ROBERT B. KUGLER
UNITED STATES DISTRICT JUDGE